871 So.2d 1271 (2004)
Jayanne CRAWLEY, d/b/a Southlands Premium Tropicals
v.
COASTAL BRIDGE CO., INC. and Louisiana Grain Services, Inc.
No. 03-CA-1303.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 2004.
Rehearing Denied May 28, 2004.
Richard M. Millet, Laplace, LA, for Plaintiff/Appellant.
Kathryn T. Wiedorn, Claudette L. Bienvenu, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
Plaintiff/Appellant, Jayanne Crawley, d/b/a Southlands Premium Tropicals, appeals from a trial court ruling which granted summary judgment in favor of defendant, Louisiana Grain Services, Inc., on the issue of Crawley's claim for property damages. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On October 3, 1999, plaintiff Jayanne Crawley, d/b/a Southlands Premium Tropicals ("Crawley") entered into a lease of commercial property with defendant, Louisiana Grain Services, Inc., for vacant land located at Lot 6A, Bert Street, in LaPlace, Louisiana. Crawley leased the land in connection with the cultivation of thousands of Sago Palm plants, which she would then sell through Southlands Premium Tropicals. The term of the lease was *1272 for six months, commencing on November 1, 1999 and ending on April 30, 2000. Paragraph 25 of the lease provided that upon expiration of the lease, Crawley would immediately surrender possession of the land to Louisiana Grain, and that there would be no holdover of the lease by Crawley except by written agreement.
The lease between Crawley and Louisiana Grain passed without a renewal, and Crawley neither removed her property from the premises nor made any further payment of rent. Louisiana Grain thereafter leased the land to defendant, Coastal Bridge Co., Inc., ("Coastal") for a term of four months, commencing July 19, 2000 and ending 12:00 p.m. on November 30, 2000.
Crawley asserts that on July 19, 2000, Coastal entered upon the leased premises while she was out of town and destroyed/removed her property, including approximately 3,000 palm plants. Crawley further asserts that on July 27, 2000, while in the process of trying to move what remained of her property and equipment, she sustained a personal injury consisting of a complex fracture to her ankle.
Crawley filed suit against Louisiana Grain and Coastal in the Fortieth Judicial District Court for the Parish of St. John, alleging, among other things, damages for her personal injury,[1] as well as for damages "in negligently destroying her property and business" without notice.
On November 20, 2002, Louisiana Grain filed a Motion for Summary Judgment that addressed Crawley's claim for property damages alleged against it. After a hearing on March 14, 2003, the trial court granted Louisiana Grain's motion, and dismissed Crawley's claim for property damages.
Crawley timely filed the present appeal.

LAW AND ARGUMENT
On appeal, Crawley raises two issues/assignments of error:
1. Whether Louisiana Code of Civil Procedure Article 4701 five day notice to vacate waiver contained in the lease relieved Louisiana Grain of having to comply with formal Louisiana eviction law, and;
2. Whether paragraph 25 of the lease relieved Louisiana Grain of having to comply with formal Louisiana eviction law.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[2] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[3] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[4] There must be a "genuine" or "triable" issue on *1273 which reasonable persons could disagree.[5] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[6]
LSA-C.C.P. Art. 4701 states:
When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this Article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.
A lessee may waive the notice requirements of this Article by written waiver contained in the lease, in which case, upon termination of the lessee's right of occupancy for any reason, the lessor or his agent may immediately institute eviction proceedings in accordance with Chapter 2 of Title XI of the Louisiana Code of Civil Procedure.
In the present case, paragraph 25 of the lease states, in relevant part:
Upon expiration or termination of this lease, Lessee shall surrender possession of the leased premises immediately to Lessor. Any holding over by Lessee shall not operate, except by written agreement, to extend or renew this lease, but in such case, Lessor may terminate Lessee's occupancy at once or may consider such occupancy to be from month to month ... Lessee hereby waives any and all notices to vacate under La.Code of Civil Procedure. Art 4701. [Emphasis added].
In interpreting the above cited provision, the trial court noted in its Reasons For Judgment:
Paragraph 25 of the lease agreement clearly illustrates that the lease did not allow reconduction. This court, like the jurisprudence before it must find that the parties did not intend to continue or renew this lease except by written agreement,
The trial court further found the following facts to be uncontroverted: 1) there was no written agreement between the parties to extend or renew the lease; 2) Crawley signed the lease, and; 3) Crawley paid no rent after April 30, 2000.
In International Properties Inc. v. Drury,[7] this Court considered a lease with nearly identical language provided in the lease provision cited above. In that case, we observed:
Although a presumption exists that a lease is reconducted on a month to month basis if the lessee remains in possession beyond the term of the lease, the jurisprudence has unequivocally held that the presumption of reconduction is inoperative in the face of the clear intention of the parties to the contrary.
*1274 Accordingly, in the present case, we find that the trial court's interpretation of the lease in regard to reconduction to be correct. Making this finding, we next consider whether the waiver of notice made by Crawley in paragraph 25 of the lease between the parties relieved Louisiana Grain of having to comply with formal Louisiana eviction law.
The trial court noted in regard to this assignment of error by Crawley:
Crawley contends that because Louisiana Grain took no steps to evict her after April 30, 2000 her continued possession of the property was lawful and therefore, defendant is responsible for her resulting damages. Her contention is based on the fact that no formal eviction proceedings were brought under Code of Civil Procedure Article 4701 et seq. That contention, however, completely ignore the fact that she ... waived Article 4701 notice. That having been done, we do not even get to Articles 4702 and 4731 through 4734. Any other interpretation renders the waiver meaningless.
In the case of Divincenti v. Redondo,[8] the First Circuit considered a similar issue, and found that where the lessee had effectively waived any and all notice requirements, and where reconduction of the lease had not taken place, formal eviction proceedings by the Lessor were not required.
Similarly, in this case, Crawley clearly waived all notice requirements and the parties further expressed a clear intention that the lease would not be reconducted except by written agreement. No such written agreement was ever executed. Accordingly, we find that the trial court did not err in holding that Louisiana Coastal was not required to file formal eviction proceedings before removing Crawley from the property.
Also, as she did in the lower court, Crawley argues that the lease provides that should she "holdover on the property after expiration of the lease period, Louisiana Grain may terminate ... occupancy at once or consider such occupancy to be month to month in which case ... Crawley would pay triple the rent stipulated in the lease." In regard to this argument, however, the trial found:
Plaintiff also mistakenly relies on the on the following language in Paragraph 25.
"... but in such case, lessor may terminate lessor's occupancy at once or may consider such occupancy to be from month to month."
Notice the operative word, may, it is discretionary, and therefore not binding upon the Lessor. Contrasted with that is the mandatory language of the preceding verse of the sentence, "any holding over by lessee shall not operate, except by written agreement, to extend or renew this lease."
After a review of the record, we cannot say that the trial court's interpretation of Paragraph 25 of the lease was erroneous. As previously discussed, the language in the lease clearly provides that no reconduction of the lease would take place except by written agreement. In this case, no such agreement was executed.
Accordingly, for the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of defendant, Louisiana Grain Services, Inc. on the issue of Crawley's claim for property damages, is affirmed.
AFFIRMED.
NOTES
[1] Crawley's claim for personal injuries was dismissed by the trial court and affirmed by this Court in an unpublished opinion.
[2] Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
[3] Tassin v. City of Westwego, 95-307 (La.App. 5th Cir.12/13/95), 665 So.2d 1272.
[4] Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.
[5] Id. at 1008.
[6] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.
[7] 96-798 (La.App. 5 Cir. 1/15/97), 688 So.2d 83.
[8] 486 So.2d 959, (La.App. 1 Cir.1986).