*316
 
 WALTER J. ROTHSCHILD, Judge.
 

 | gPlaintiff/Appellant, Jayanne Crawley, d/b/a Southlands Premium Tropicals, appeals from a trial court ruling which granted summary judgment in favor of defendant, Coastal Bridge Co., Inc., on the issue of Crawley’s claim for property damages. For the following reasons, the judgment of the trial court is affirmed.
 

 The present lawsuit was the subject of a previous appeal in which this Court stated the factual history of the litigation as follows:
 

 On October 3, 1999, plaintiff Jayanne Crawley, d/b/a Southlands Premium Tropicals (“Crawley”) entered into a lease of commercial property with defendant, Louisiana Grain Services, Inc., for vacant land located at Lot 6A, Bert Street, in LaPlace, Louisiana. Crawley leased the land in connection with the cultivation of thousands of Sago Palm plants, which she would then sell through Southlands Premium Tropicals. The term of the lease was for six months, commencing on November 1, 1999 and ending on April 30, 2000. Paragraph 25 of the lease provided that upon expiration of the lease, Crawley would immediately surrender possession of the land to Louisiana Grain, and that there would be no holdover of the lease by Crawley except by written agreement.
 

 LThe lease between Crawley and Louisiana Grain passed without a renewal, and Crawley neither removed her property from the premises nor made any further payment of rent. Louisiana Grain thereafter leased the land to defendant, Coastal Bridge Co., Inc., (“Coastal”) for a term of four months, commencing July 19, 2000 and ending 12:00 p.m. on November 30, 2000.
 

 Crawley asserts that on July 19, 2000, Coastal entered upon the leased premises while she was out of town and destroyed/removed her property, including approximately 3,000 palm plants. Craw-ley further asserts that on July 27, 2000, while in the process of trying to move what remained of her property and equipment, she sustained a personal injury consisting of a complex fracture to her ankle.
 

 Crawley filed suit against Louisiana Grain and Coastal in the Fortieth Judicial District Court for the Parish of St. John, alleging, among other things, damages for her personal injury, as well as for damages “in negligently destroying her property and business” without notice.
 

 Crawley v. Coastal Bridge Co., Inc.,
 
 03-1303, pp. 2-3 (La.App. 5 Cir. 4/27/04), 871 So.2d 1271, 1272,
 
 writ denied,
 
 04-1637 (La.10/8/04), 883 So.2d 1036. In that case, a panel of this Court affirmed the trial court ruling granting summary judgment in favor of Louisiana Grain Services, Inc. on Crawley’s property damages claim on the basis that her continued possession of the premises was unlawful and she could not sustain a claim for damage to her property. In reaching this conclusion, this Court determined that the lease agreement between Crawley and Louisiana Grain provided for reconduction after expiration only upon written agreement of the parties.
 

 The record also indicates that plaintiffs personal injury claim against Coastal Bridge was dismissed by the trial court and affirmed by this Court in 14an unpublished opinion.
 
 [1]
 
 Thus, the only remaining claim presented by this appeal is plaintiffs
 
 *317
 
 property damage claims against Coastal Bridge.
 

 On September 22, 2008, Coastal Bridge filed the instant Motion for Summary Judgment seeking to dismiss the remaining claims asserted by plaintiff. Following a hearing in the trial court on October 24, 2008, judgment was orally rendered in favor of defendant, Coastal Bridge Co., Inc., dismissing plaintiffs suit against them with prejudice. The written judgment was subsequently signed on November 17, 2008. Plaintiff now appeals from this judgment.
 

 Summary judgments are reviewed on appeal de novo.
 
 Smith v. Our Lady of the Lake Hosp.,
 
 639 So.2d 730, 750 (La.1994);
 
 Moody v. United Nat’l Ins. Co.,
 
 98-287 (La.App. 5 Cir. 9/29/98), 743 So.2d 680,
 
 writ denied,
 
 98-2713 (La.12/18/98), 734 So.2d 639.
 

 An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.
 
 Smith,
 
 supra;
 
 Magnon v. Collins,
 
 98-2822 (La.7/7/99), 739 So.2d 191.
 

 The rules governing summary judgments are found in La.C.C.P. art. 966 and 967. A motion for summary judgment shall only be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The summary judgment procedure is favored under our law.
 
 Ross v. Conoco, Inc.,
 
 02-0299 (La.10/15/02), 828 So.2d 546.
 

 IsThe initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Hutchinson v. Knights of Columbus, Council No. 574-7,
 
 03-1533 (La.2/20/04), 866 So.2d 228;
 
 Hardy v. Bowie,
 
 98-2821 (La.9/8/99), 744 So.2d 606, 609-610. When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967.
 

 Coastal Bridge asserted in its motion for summary judgment that it owed no duty to safeguard property wrongfully stored on the leased premises. Further, Coastal Bridge asserted that even if there was a duty, plaintiff failed to mitigate her damages.
 

 In support of its motion, Coastal Bridge submitted a deposition of Jerry Hughes, the general manager for one of its projects who stated that he executed the lease of the subject property on behalf of Coastal Bridge. Mr. Hughes stated that Coastal Bridge was working in the area and was in need of a site to store materials and equipment for the job. During the week of July 19, 2000, Mr. Hughes saw a “For Sale” sign on the subject property and called the real estate agent to determine if the owner would allow a lease of the property. On July 19, 2000, Mr. Hughes went to the real estate office and signed a lease of the property on behalf of Coastal Bridge for a four month term with an option to renew on a monthly basis. The following day, |fiMr. Hughes went to the property and discovered what he described as “dead
 
 *318
 
 plants” on a portion of the property. According to Mr. Hughes, the plants were the only thing on the property. Mr. Hughes stated he notified the real estate agent who then apparently attempted to contact Ms. Crawley. Approximately one week later, Mr. Hughes was notified that Ms. Crawley was unable to be located, and Mr. Hughes directed his employees to move the plants to a corner of the property.
 

 Coastal Bridge also submitted a copy of plaintiffs deposition in which she stated she entered into a lease of the subject property with Louisiana Grain in November of 1999 for an indefinite period. The purpose of the lease was for plaintiff to grow Sago palms to sell commercially and she brought approximately 2000 plants to the subject property in January of 2000. She admitted that she failed to pay rent in May and June and that she was aware she was in default of the lease. She stated that she was on vacation in July of 2000 when Coastal Bridge came on the property and allegedly destroyed her plants. When she was notified that her plants had been moved, she went to the property to try to retrieve what she could, and she fell and sustained a multiple fracture to her ankle.
 

 In opposition to the motion, plaintiff submitted a copy of her deposition which stated that she maintained approximately 3000 Sago Palms on the subject property between November 1, 1999 and July 19, 2000 pursuant to a written lease agreement. She stated that the plants were in good condition when employees of Coastal Bridge removed and destroyed them.
 

 A copy of the lease agreement between Crawley and Louisiana Grain is also contained in the record. The lease is for a term of 6 months, ^commencing on November 1, 1999 and ending at midnight on April 30, 2000. The rent under the lease is $125 per month payable 6 months in advance. The lease also provides that lessee shall surrender possession of the leased premises immediately upon expiration or termination of the lease and a holding over by the lessee shall not operate except by written agreement to extend or renew the lease. Although the lease provides that the lessor may consider any holding over without its consent to constitute a renewal on a month to month basis, in such a case the lessee must pay triple the monthly rent stipulated in the agreement. The record also contains a copy of the lease agreement between Louisiana Grain and Coastal Bridge which was for a term of 4 months, commencing on July 19, 2000 and ending at midnight on November 30, 2000.
 

 A review of the record in this case shows that plaintiff did not have lawful possession of the subject property on July 19, 2000. The lease agreement with the owner of the property specifically provided a termination date of April 30, 2000. There is no evidence of any renewal or extension of the lease terms and Crawley admitted in her deposition that she did not pay rent beyond April 30, 2000. Her belief as stated in her deposition that the lease was for an indefinite term is not supported by the agreement between the parties. Although Crawley asserts that her occupancy of the premises remained uninterrupted and undisturbed until Coastal Bridge occupied and destroyed her property, we find such an interpretation of the factual circumstances to be flawed. After termination of the lease agreement on April 30, 2000, Crawley no longer had a right of occupancy of the premises. Further, pursuant to its lease agreement, Coastal Bridge has a right to possession of the subject property commencing on July 19, 2000.
 

 | sUnder these circumstances, we find no duty on the part of Coastal Bridge to
 
 *319
 
 preserve plaintiffs property which was not lawfully on the leased premises. Absent a duty to plaintiff, we conclude that Coastal Bridge is entitled to judgment in its favor as a matter of law. We therefore find no error of the trial court in granting summary judgment in this matter. The judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . A copy of this opinion is contained in the record before us.
 
 Crawley v. Coastal Bridge Co., Inc.,
 
 02-933 (La.App. 5 Cir. 12/30/02, 837 So.2d 769),