CLARENCE E. McMANUS, Judge.
| ¡Plaintiff, Randy Greff Jr., appeals from the trial court grant of summary judgment, dismissing his claim for trust proceeds filed against the Tri-Greff Trust and Patrick Milam, trustee. For the reasons that follow, we affirm the decision of the trial court.
In Greff v. Milam, 08-726 (La.App. 5 Cir. 2/10/09), 8 So.3d 693, (footnotes omitted), we set forth the procedural and factual summary of this case as follows:
This is a suit by beneficiaries of a trust arising out of the termination of their trust benefits. The trial court granted a partial summary judgment that dismissed the claims of one plaintiff as to some of the defendants, but denied summary judgment as to the other plaintiff. In addition, a motion for partial summary judgment by other defendants is still pending. The plaintiff whose claims were partially dismissed has appealed. We dismiss the appeal for lack of jurisdiction.
On July 27, 1990 Leon J. Greff, as Set-tlor, created an irrevocable inter vivos trust by a document titled “Act of Donation Creating an Irrevocable Inter Vivos Trust,” by Leon J. Greff to Ernest A. Burguieres, III and Patrick E. Milam, dated July 27, 1990. The trust instrument gave the trust the name “The Tri Greff Trust,” named two co-Trustees, Ernest A. Burguieres, III and Patrick E. Milam, and stated the Trust was set up under the laws of Florida, particularly the Florida Trust Statutes.
The Tri Greff Trust created a “class college educational trust” for the benefit of Leon J. Greffs great-grandchildren. The instrument states, “This Trust is being created for the sole purpose of giving an opportunity to the Great Grandchildren of Leon J. Greff to secure an education which will prepare them to secure more from life than would otherwise be available.... ”
|sTo participate in the Trust, the prospective beneficiaries are required to comply with certain criteria in their academic performances. A beneficiary in grades 5 though 8 is required to “maintain a ‘B Plus’ average or a ‘2.5 G.P.A.’ on a ‘4.0 scale[’], each school year.” A beneficiary in high school is required to take a college-preparatory curriculum that includes designated subjects, and to “maintain a 3.0 grade point average on a 4.0 scale for the school year.”
In the case of 5th-through-8th-grade and high-school beneficiaries, if the beneficiary fails to maintain the designated average the Trustees are charged with determining the cause for such failure. If the failure was due to a cause beyond the beneficiary’s control, the Trustees may maintain the benefits for another term, during which the Trustees “shall make every effort to remove the cause or the causes of the failure” to maintain the grade average. If the cause or causes cannot be removed and the beneficiary does not achieve the required grade average within a year, the Trustees “shall disqualify the beneficiary” from any future benefits and the “beneficiary’s interest in the trust shall be forfeited.”
The Trust requires that each beneficiary be enrolled and attending full time classes in a college or university by their *31 20th birthday, or forfeit all interest and benefits. A beneficiary may select and attend any accredited college or university of his choice, “except he must secure a BA or BS degree within 5 years or original enrollment” and “must maintain a ‘B Plus’ or a ‘3.0 point average’ on a scale of 4.0 ... to continue to secure the benefits of the trust.”
The Trust also provided,
Should any of the beneficiaries become physically or mentally disabled and ... unable to attend or be tutored in college subjects they have been studying, they shall receive one sixth of their proportional shall [sic] of the funds as allocated, until fully expended, subject to review and the joint approval of the trustees after receiving all medical data surrounding the condition of such beneficiary.
It is uncontested that plaintiffs Randal W. Greff, Jr., known as “Randy Jr.,” and his younger brother, Dustin James Greff, are great-grandchildren of the Settlor and as such were eligible to be beneficiaries of the Trust. Both were receiving benefits under the Trust for several years, until 2004, when the sole remaining Trustee, Patrick Milam, determining they were disqualified from receiving benefits because of low grade point averages, and discontinued payments.
Randy Jr. and Dustin (through his father, Randal W. Greff, Sr., as administrator of his estate) filed suit against the Trustee in August 2004. They asserted the Trustee wrongfully disqualified them as beneficiaries and wrongfully ceased paying them benefits; that he breached his fiduciary duty by failing to give ac-countings as required by the trust instrument; that he failed to comply with the trust’s requirement to appoint a co-trustee to replace Ernest Burguieres (who resigned several years after inception of the trust). The plaintiffs also alleged the Trustee failed to comply with various provisions of the Trust before deciding the plaintiffs were no longer entitled to receive the benefits of the Trust.
|/The plaintiffs asserted the Trust was negligently and/or improperly drafted, and provisions of the Trust are vague, ambiguous, and subject to varying interpretations that frustrate and prohibit satisfying the Trust’s stated goals and educational purposes. The plaintiffs seek judicial reformation of the Trust, requesting that the court determine the true intent of the Settlor and modify the Trust accordingly. They ask the court to disregard the ambiguous and unclear terms of the Trust, and render an interpretation that allows the beneficiaries an opportunity to achieve the stated goals of the Trust and fulfill the intent of the Settlor.
The plaintiffs also seek to have Milam removed as Trustee and to recover against him all educational expenses they have incurred since the date the Trustee failed and/or refused to pay same, as well as future such expenses pending a ruling on their petition.
In addition to Milam, sued individually and as Trustee, the plaintiffs named as defendants numerous other potential beneficiaries of the Trust, including all present and future great grandchildren of the Settlor, and all contingent beneficiaries of the Trust.
The Trustee filed an incidental demand against the plaintiffs as well as the other beneficiary-class defendants, seeking a declaratory judgment confirming and ratifying his past interpretations of the Trust’s provisions. The Trustee later filed a reconventional demand against Randy Jr., in which he sought to recover *32 funds to which the Trustee claimed Randy Jr. was not entitled, and which the Trustee alleged Randy Jr. fraudulently induced the Trustee to pay to him.
Thereafter the Trustee filed a motion for partial summary judgment against the plaintiffs, asserting there was no issue of material fact and he was entitled to judgment as a matter of law that he acted properly in disqualifying them from receiving further benefits of the Trust. Subsequently the other defendants, all contingent beneficiaries of the Trust, filed a motion for partial summary judgment, on the same basis as the Trustee.
The trial court granted partial summary judgment on the Trustee’s motion as to Randy Jr., but denied partial summary judgment on the Trustee’s motion as to Dustin. The record does not indicate there was any ruling on the motion for partial summary judgment by the contingent beneficiaries. Randy Jr. has appealed.
This Court dismissed Randy Jr.’s appeal, finding that it was not a final judgment subject to immediate appeal. Thereafter, both Randy Jr., as plaintiff, and defendants filed a joint motion to amend the judgment, seeking to have the judgment designated as final for purposes of immediate appeal alleging that there is no just reason for delay. The trial court granted the motion and amended the | ¿judgment accordingly. Randy Jr. has now appealed from the judgment as amended.
A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. # 1, 07-580 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Crawley v. Coastal Bridge Co. Inc., 09-181 (La.App. 5 Cir. 11/10/09), 24 So.3d 315, 317, writ denied 10-0076 (La.3/26/10), 29 So.3d 1258.
In this appeal, Randy Jr. alleges that the trial court erred in granting summary judgment and dismissing his claims, as there remained genuine issues of material fact as to whether Milam could perform his duties without the concurrence of a co-trustee, whether Milam complied with all his duties under the trust, and whether Randy, Jr. suffered from a “mental disability.”
| fiRandy Jr. first alleges that there exist genuine issues of material fact as to whether Milam could administer the trust without the appointment of a co-trustee.
The trust was created by Leon Greff, on July 27, 1990, with two trustees — Patrick Milam and Ernest Burguieres, III. The *33 trust stated that it would be governed by the laws of Florida. The trust was created to provide educational financing for Greffs great grandchildren.
Section VI of the Trust sets forth the powers and responsibilities of the Trustees and it provides:
The Trustees shall have all of the powers that are conferred upon Trustees under applicable law, of the State of Florida. Should future changes in the Law expand such powers then the said Trustees shall have such expanded powers. In addition to any powers conferred by Law the Trustees shall have the following powers, to-wit:
2. To administer the Trust Money and Property concurrently. Any decision as to the administration of the Trust Money and Property shall be joint and unless each Trustee concurs in the such (sic) decision then the premise under consideration shall not be executed.
Section VIII of the Trust controls in the event that one of the trustees is unable to perform his duties, and it states that
In the event a trustee should resign, die or become disabled and con not (sic) longer perform the powers and responsibilities of Trustee herein then the other trustee shall appoint a Trustee to assume the responsibilities and powers herein set out.
[[Image here]]
The interpretation of any provision, in this document, shall be within the exclusive power of the Trustees named herein. In the event there is a disagreement as to the application or interpretation of any provision of this document, between the said Trustees, then and in that event, either Trustee may apply to a court of competent jurisdiction and seek a declaratory judgment concerning such particular provision.
By deposition, Mr. Burguieres testified that he served as a trustee for four years, until November of 1994. At that time, he resigned because he was worried about malpractice and also because Greff had not yet transferred assets to the trust.
|7Mr. Milam testified that he attempted to find another trustee but was unsuccessful.
Randy Jr. alleges that Milam’s action in terminating his trust benefits is void, because he did not have the concurrence of a second trustee, as was required by the trust instrument. Milam’s response is two-fold.
First, Milam contends that the provisions of the Florida Trust Code allowed him to act unilaterally. FSA-737.404(2)[1] provided at the time of the trust and also at the time of Randy Jr.’s disqualification that:
If two or more trustees are appointed to perform a trust and any of them is unable or refuses to accept the appointment or, having accepted, ceases to be a trustee, the surviving or remaining trustees shall perform the trust and succeed to all the powers, duties, and discretionary authority given to the trustees jointly.
Here, Milam testified that his co-trustee resigned from the trust and that he was unable to find someone else who was willing to serve as co-trustee. His testimony was not controverted by appellant. We *34 believe that the Florida statutes do give Milam the authority to act in this case.
Milam secondly argues that the failure to appoint a co-trustee is irrelevant to the matter before the court. He contends that the trust instrument provides that if the two trustees are unable to agree, then the trustees are to file for declaratory judgment, which would present to the court the same issue that is currently before it, which is whether Randy met the requirements of the trust so as to be entitled to receive trust funds.
We agree that the issue, as presented to the court, is properly before us. Assuming arguendo that any appointed trustee would disagree with Milam’s conclusion that Randy is disqualified, the appropriate remedy would have been to appear before the court, as has occurred in this instant case.
|sIn his second allegation, Randy Jr. alleges that there are material issues of fact as to whether Milam complied with his duties under the trust, and if so, whether the provisions of the trust were vague, ambiguous and inconsistent and subject to interpretation or reformation.
As noted above, the trust provided that its participants were to maintain certain grade point averages. The trust further provided that, for the 5th through 8th grade beneficiary and the high school beneficiary, if the beneficiary did not maintain the appropriate average, the trustee was to determine the cause and to make efforts to remove the cause if possible. No such condition was imposed on the trustee for the college attending beneficiary.
Randy contends that the trust is ambiguous, and that the creator of the trust intended to require the trustees to ascertain and provide assistance for the struggling college beneficiary. He then contends that appellee did not inquire as to why he was struggling at LSU, and did not provide assistance in the form of tutoring or counseling, or any assistance whatsoever.
The document in question clearly states that the trustee is charged with finding the causes of failure in grade school and high school, but no such requirement is stated for college beneficiaries. If the creator of the trust had intended to make the trustee responsible for college students, he could have placed those provisions in that portion of the trust document. The fact that he did not shows that the creator of the trust did not intend for the trustees to be responsible for determining the reasons for failure of college beneficiaries. The document on its face is not vague and ambiguous, and therefore the trial court did not err in finding no material fact with regards to whether the trustee adequately performed his duties regarding Randy Jr.’s college education.
19Finally, Randy, Jr. alleges that there are material issues of fact as to whether he suffers from a “mental disability” sufficient to prevent him from achieving his educational goals. He alleges that his diagnosed ADD is a sufficient mental disability and therefore he is entitled to trust benefits.
The Disability Provision of the Trust, Article VII, Section 4, provides that:
Should any of the beneficiaries become physically or mentally disabled and such beneficiaries are unable to attend or be tutored in college subjects they have been studying, they shall receive one sixth of their proportional share of the funds allocated, until fully expended, subject to review and the joint approval of the trustees after receiving all medical data surrounding the medical condition of such beneficiary.
*35 To support Ms claim that he suffers from a mental disability, Randy introduced the testimony of Dr. Kim Van Geffen, Randy was diagnosed with ADHD (Attention Deficit/Hyperactivity Disorder.) She stated that 1/3 of those who suffer from this disorder do not outgrow it and retain significant issues that can affect their ability to perform academically. However, Dr. Van Geffen did not conclude that Randy was unable to attend or be tutored in his college subjects. Instead, she stated that the preferred treatment for ADHD relative to academic performance is tutoring.
As the appellee points out in his brief, the record reflects that Randy Jr. successfully completed high school and was accepted into LSU. He met the requirements of the trust during his first semester, and he continued to attend college for two years after that. Randy Jr. also admitted that after LSU, he attended classes at UNO.
Therefore, we conclude that appellee presented undisputed facts to make a pri-ma facie showing that Randy Jr. was not so disabled that he could not attend college, or be tutored in failing classes and Randy Jr. did not present evidence to rebut this showing.
| mFor the above discussed reasons, we find no error in the trial court’s ruling granting summary judgment in favor of defendants, and dismissing the claims of Randy Greff, Jr. Accordingly, the judgment of the trial court is affirmed. All costs are assessed against appellant.

AFFIRMED.

. Appellees cite Florida Statutes Annotated, 737.404(2), which was repealed by Florida Laws 2006, c.2006-217, § 48, eff. July 1, 2007; Florida Laws 2008, c.2008-5, § 16, eff. July 1, 2008, and replaced with Florida Statutes Annotated 736.0703(2). FSA-736.0703(2) provides that "If a vacancy occurs in a cotrusteeship, the remaining cotrus-tees or a majority of the remaining cotrustees may act for the trust.”