281 So.2d 459 (1973)
TUBESALES
v.
CHAMPION MACHINE WORKS, INC.
No. 5476.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 1973.
Dodge, Friend & Wilson, New Orleans (Rhodes J. Spedale, Jr., New Orleans,) for plaintiff-appellee.
Stephenson & Fineran, New Orleans (W. Monroe Stephenson and Patrick C. Kelley, New Orleans,) for defendant-appellant.
Before SAMUEL, LEMMON and GULOTTA, JJ.
*460 LEMMON, Judge.
In this appeal from a judgment awarding Tubesales the amount claimed in a suit on open account, Champion Machine Works, Inc. primarily raises the issue of the sufficiency of the evidence.
In the trial court Tubesales' evidence consisted solely of written interrogatories and of answers thereto by its credit manager in its Georgia home office. The manager stated that the company made sales to Champion on October 15, 1970 and December 4, 1970, each in the amount of $198.04, and that "there are two (2) commercial invoices and two (2) corresponding common carrier delivery receipts indicating physical delivery at the address shown." The invoices produced from Tubesales' records indicated "Shipped by Delta Air," but the delivery receipts were not offered into evidence.
On the other hand, Champion's vicepresident testified that his company neither ordered nor received the items listed on the invoices. The name "Graham" was handwritten on the bottom of one invoice. Champion's officer stated that Palmer H. Graham subleased space in the same building and suggested that Graham may have ordered the materials for his own account, but denied that Graham had any authority to order or receive materials on Champion's behalf. Tubesales did not attempt to explain the writing. The record contains no other evidence concerning the ordering or delivery of the materials.
In view of Champion's denial, Tubesales' failure to produce the delivery receipts (which it indicated were available) or to explain the non-production reduces the evidence on the contested issues to unsigned invoices typed on Tubesales' letterhead and to the word of one witness against that of the other. Under other circumstances the contradicted statement of one witness might be sufficient proof in support of a claim on open account. However, under the circumstances of this case, where Tubesales claimed to have conclusive supporting evidence, but failed to introduce it, and relied solely on the contradicted statement, its failure to produce the delivery receipts raises the presumption that the evidence, if produced, would have proved detrimental to its case. Martin v. T. L. James & Co., 237 La. 633, 112 So.2d 86 (1959). We therefore conclude plaintiff has not sustained its burden of proving its case by a preponderance of the evidence.[1] Consequently, the judgment based on the evidence in the record must be annulled and set aside.
However, plaintiff did attempt to introduce the testimony of its attorney that Champion's officers and counsel admitted the corporation in fact owed the debt. The trial judge sustained an objection to this testimony on the basis that the attorney had previously represented Champion and that any testimony concerning the former client was privileged.
The attorney-client privilege is limited to those communications which the client expressed in confidence to the attorney, or to those which the circumstances should reasonably have indicated to the attorney that the client intended a confidential communication. McCormick, Handbook of the Law of Evidence, Ch. 10, § 91, p. 187 (2nd ed. 1972); 8 Wigmore, Evidence, Ch. 82, § 2311, p. 599 (McNaughton rev. 1961). Moreover, the communication is privileged only if made to the attorney in his capacity as a legal adviser to the client. Wigmore, supra, § 2303, p. 584.
The attorney in the present case testified that she had collected several claims against Champion and had thereafter performed collection services for that corporation. When other claims against Champion were received by her firm, she notified the corporation that she would no longer be able to represent its interest in *461 pending litigation and formally withdrew in March, 1971. The claim involved in this suit was not received in her office until July, 1971, and the alleged communications took place thereafter.
We therefore believe that the trial judge erred in excluding the evidence as to communications made to the attorney after she had withdrawn from representation of the client and at a time when she was known to represent an adverse interest, particularly in the absence of any indication that the communication was intended to be confidential or was conveyed in connection with a legal consultation.
We therefore remand the case to the trial court solely for introduction of the previously excluded evidence concerning the admissions by Champion's officers or representatives. At that time Champion should also be given the opportunity to present rebuttal evidence on this point.
Accordingly, the judgment of the trial court is annulled and set aside, and the case is remanded for further evidence as directed herein. Costs will be assessed when the case is concluded.
Judgment annulled and set aside; case remanded.
NOTES
[1] In a similar case Ocean Garden Products, Inc. v. Quality Frozen Foods, Inc., 170 So.2d 705 (La.App. 1st Cir. 1964), the court denied recovery to a plaintiff who failed to introduce a delivery receipt in his possession. In that case there was also the additional issue of whether the person who ordered the materials represented the defendant or another corporation.