942 So.2d 690 (2006)
MURCO, INC., A Division of Wesco Distribution, Inc., Plaintiff-Appellant,
v.
STREETER SERVICE ELECTRIC, INC., and Steven D. Streeter, Defendant-Appellee.
No. 41,599-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*691 Downer, Hammond & Wilhite, L.L.C. by Kevin W. Hammond, Shreveport, for Appellant.
Steven D. Streeter, In Proper Person.
Before GASKINS, CARAWAY and DREW, JJ.
CARAWAY, J.
A wholesale supplier sued an electrical contractor for payment on an open account. The dispute involves materials delivered to Grambling State University for work completed on a water treatment plant project. The defendant was performing electrical work at the university at that time. The trial court found inadequate proof of an oral invoice sale and ruled in favor of defendant, dismissing the suit. For the following reasons, we affirm the trial court's ruling.

Facts
In late 2000, defendant, Streeter Service Electric, Inc., whose owner is defendant, Steven D. Streeter (collectively "Streeter"), was awarded a contract for electrical improvements at Grambling State University ("Grambling"). The contract was not specifically identified and reviewed at trial, but Streeter estimated that the labor portion of the $75,694 contract totaled approximately $10,000. The balance consisted of the cost of materials such as ejectors, buckets, chlorine pumps, fixtures, heat pumps, panels, breakers, wiring and cable obtained from assorted wholesalers.
Plaintiff, Murco, Inc., a Division of Wesco Distribution, Inc. ("Murco"), claims in this action that it supplied Streeter with $34,024.56 worth of electrical buckets and starters described in general terms on its invoice dated July 19, 2002, and shipped to Grambling. Murco's invoice was never *692 satisfied. Streeter's answer to Murco's petition contained the following statement of defense:
Defendants further answer that this debt is owed by Grambling State University, the purchaser and the recipient of the materials sued for. Defendants herein had no purchase, agreement nor contract with plaintiff, because, long before the time of the shipping and use of the materials, plaintiff had cut off, terminated and forever closed out defendants' open account with plaintiff. Because defendants herein had no account with the plaintiff, the materials sued on were ordered not by defendants herein, but by employees and officials of Grambling State University. Plaintiff's demand letter, attached to the petition, is addressed also to Grambling State University.
At the trial, Steve Streeter appeared in proper person and testified. Brad Camp, the manager of Murco's Monroe branch, testified. The trial court's written reasons found that Murco did not satisfy its burden of proving that Streeter contracted for an open account under La. R.S. 9:2781 and rendered judgment in defendants' favor. Murco appeals.

Discussion
This dispute centers on an oral contract of sale. Civil Code Article 1846 provides for proof of unwritten contracts and states the following:
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
The plaintiff himself may serve as the one credible witness to establish the existence of the oral contract. Smith v. Dishman & Bennett Speciality Co., 35,682 (La.App.2d Cir.1/23/02), 805 So.2d 1220. The other corroborating circumstances need only be general in nature; independent proof of every detail of the agreement is not required. Id. But, the other corroboration must come from a source other than the plaintiff. Suire v. Lafayette City-Parish Consol. Gov't, 04-1459, 1460, 1466 (La.4/12/05), 907 So.2d 37. The party that sues on an open account has the burden of proving the contract. Mattix Cabinet Works, Inc. v. Witt, 625 So.2d 527 (La. App. 5th Cir.1993).
The thing, the price, and the consent of the parties are requirements for the perfection of a sale. La. C.C. art. 2439. The seller is bound to deliver the thing sold. La. C.C. art. 2475. Delivery of a movable takes place by handing it over to the buyer. La. C.C. art. 2477. Delivery must be made at the place agreed upon by the parties or intended by them. La. C.C. art. 2484.
A court of appeal may not set aside a finding of fact in the absence of manifest error or unless it is clearly wrong. Touchard v. Slemco Elec. Foundation, 99-3577 (La.10/17/00), 769 So.2d 1200; Smith v. Dishman & Bennett Specialty Co., supra. Where there is a conflict in the testimony, the trier of fact's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Rosell v. ESCO, 549 So.2d 840 (La.1989). When two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id. The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the entire record. Fuhrmann v. Allstate Ins. Co., 36,287 (La.App.2d Cir.8/14/02), 823 So.2d 1135.
The only written document introduced at trial was an invoice prepared by Murco identifying certain equipment, including buckets and starters, with a total *693 price of $34,024.56. The invoice states that the equipment was "shipped direct to univ." and the shipping address was listed as "Steve Streeter, c/o Grambling Univer." Streeter's signature is not on the invoice, and though it shows that the goods were handled for shipping by a third party, no documentation was produced of a delivery receipt for the equipment from either Streeter or Grambling or their representatives.
In his testimony, Steve Streeter admitted that he purchased some other equipment from Murco and used it for the Grambling job. He insisted that he received that equipment directly from Murco's branch and paid for it himself. He also claimed to have documentation of other materials purchased from different suppliers utilized in obtaining equipment for the Grambling job. He further admitted that a representative of Murco, Mark Joiner, was present at Grambling and involved in the installation process. Murco's only witness, Brad Camp, who was not directly involved in the Grambling job or with negotiating the disputed Murco invoice, testified that Joiner had worked with Streeter to identify the exact materials required for the Grambling job and helped Streeter using certain devices. Maintaining his denial of responsibility for the invoiced materials or knowledge of their use in completing the job, Streeter concluded his testimony as follows:
Mark [Joiner] pulled the buckets off of the job two different times and sent them back. Each time I'd get a phone call from Lawrence Page [of Grambling] and saying the buckets are back on the job. I'd go back over there and reinstall them. I never once ordered them, I never once told anybody that I was gonna pay for them and we had a closed account by that document right there a year and a half before I was even charged for them. Only thing I can figure out, they made a mistake somewhere in their billing. And they thought since I was on the job that I should pay for it.
This evidence shows both parties at odds over the basic formation of the sale concerning the thing, the price and their consent. A key item for corroborating this claimed oral agreement would be evidence of fulfillment of Murco's delivery obligation. Yet, Murco produced no delivery receipt acknowledged by Streeter, and the equipment was allegedly delivered to Grambling's campus, not Streeter. Likewise, Murco produced no direct evidence that the buckets and starters described on its invoice were incorporated into the Grambling project as part of the work performed by Streeter.
A similar supplier's claim on an open account was denied by the appellate court in Tubesales v. Champion Machine Works, Inc., 281 So.2d 459 (La.App. 4th Cir.1973), reversing the trial court's ruling which credited the seller's oral representation of the sale over the alleged purchaser's. In reversing the ruling and rejecting the plaintiff's claim, the court said:
In view of Champion's denial, Tubesales' failure to produce the delivery receipts (which it indicated were available) or to explain the non-production reduces the evidence on the contested issues to unsigned invoices typed on Tubesales' letterhead and to the word of one witness against that of the other.
Id. at 459. Although the authority of Civil Code Article 1846, supra (former Article 2277), was not cited, the Fourth Circuit's conclusion was that, although corroborating evidence other than the oral claim of plaintiff was available, it was not produced. Thus, the existence and breach of the oral agreement was not established.
*694 In the present case, we are left with the word of one party against that of the other with no other corroboration of the plaintiff's claim. The trial court was entitled to accept Streeter as a credible witness; adequate proof of the oral contract under Article 1846 was lacking; and the plaintiff's claim for payment on the open account was therefore properly rejected.
Accordingly, the ruling of the trial court is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.