953 So.2d 821 (2007)
FAT TUESDAY CAFÉ, L.L.C., Sabrina A. Quave and Marcy M. Leal, Individually and on Behalf of Fat Tuesday Café, L.L.C.
v.
Cassandra FORET, House of Sweets, Ricky Pitre, Pitre's Restaurant, and Ro-Ket, Inc.
No. 06-CA-738.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 2007.
*822 Doris T. Bobadilla, Andrea L. Albert, Galloway, Johnson, Tompkins, Burr & Smith, Attorneys at Law, New Orleans, LA, for Plaintiffs/Appellants.
Joel A. Levy, Attorney at Law, Marrero, LA, for Defendants/Appellees, Cassandra Foret and Barbara Lambert.
George S. Ruppenicker, Attorney at Law, Harvey, LA, for Defendant/Appellee, Ro-Ket, Inc.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and GREG G. GUIDRY.
McMANUS, Judge.
Plaintiffs, Fat Tuesday Café, Sabrina Quave and Marcy Leal, filed suit naming as defendants Cassandra Foret and House of Sweets, Ricky Pitre and Pitre's Restaurant, Ro-Ket, Inc., and Barbara Lambert. In this appeal, plaintiffs challenge the trial court's ruling which granted summary judgment in favor of Cassandra Foret and House of Sweets, and Barbara Lambert. For the reasons that follow, we affirm the trial court's decision granting summary judgment in favor of Barbara Lambert. We reverse the trial court's decision granting summary judgment in favor of Cassandra Foret and House of Sweets, and we remand the matter for further proceedings.
In August of 2001, plaintiffs and Cassandra Foret entered into an agreement in which plaintiffs agreed to purchase the name and the assets of House of Sweets for $35,000.00. Plaintiffs put down $4,000.00, and agreed to pay $1,000.00 per month, starting when their JEDCO loan was approved, or when they opened their business. Thereafter, the contract was renegotiated, and the purchase price was lowered to $25,000.00.
In addition, the plaintiffs entered into negotiation with Ricky Pitre, for a lease of the property in which House of Sweets was located. Pitre acquired the property from Barbara Lambert, who had obtained it on a bond for deed from Ro-Ket, Inc. The negotiated terms provided for rental payments of $1,000.00 and a term of three years, and that plaintiffs were to make repairs, including replacing the air conditioning, and the cost would be deducted from the rental payments of $1,000.00 per month. Plaintiffs took possession of the property in September. Plaintiffs alleged that the parties entered into an oral lease and, that they attempted to reduce the lease to writing, but were unsuccessful. Pitre alleges that the parties were negotiating a written lease, and that he allowed plaintiffs to take possession before the negotiations were concluded. Thereafter, the lease negotiations broke down, and he caused the plaintiffs to be evicted.
Plaintiffs took possession of the property in September of 2001, and they opened the business in December. The JEDCO *823 loan was rejected at the end of January or the beginning of February. At that time, Ms. Quave notified Foret that the loan had been rejected. In March, the parties started to disagree and plaintiffs did not make a payment toward the purchase price.
Pitre evicted plaintiffs from the property at the end of March, 2002. Ms. Quave testified that she did not take any contents that were part of the sale between her and Ms. Foret when she left.
On July 30, 2002, plaintiffs filed suit seeking damages for breach of contract, breach of lease, fraud and negligence. Ms. Foret filed a reconventional demand for breach of contract, seeking payment of the purchase price.
Ms. Foret and Ms. Lambert filed motions for summary judgment, and plaintiffs filed a cross-motion. Pitre also filed a motion for summary judgment. After a hearing, the trial court denied plaintiff's motion and granted the motions filed by Ms. Foret and Ms. Lambert. The trial court found that there was a verbal agreement to sell the contents of the business for $25,000.00, that $4,000.00 was paid as a down payment, and that the balance of the purchase price was owed by plaintiffs to Ms. Foret. The court further dismissed plaintiffs' suit against Ms. Lambert. In a separate ruling, the trial court denied the motion for summary judgment filed by Pitre.
In this appeal, plaintiffs allege that the trial court erred in granting summary judgment in favor of Ms. Foret. Plaintiffs argue that the trial court erred in finding no genuine issues of material fact, and that there were issues of whether "Foret is owed anything, much less the full amount of $21,000.00." Plaintiffs also allege that the trial court erred in finding Ms. Quave and Ms. Leal personally liable to Ms. Foret. In addition, plaintiffs allege that the trial court erred in finding that Pitre did not act as an agent for Lambert and Ro-Ket, and therefore Lambert should not have been dismissed from the suit.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Underwood v. Best Western Westbank, Inc., 04-243 (La. App. 5 Cir. 8/31/04), 881 So.2d 1271.
This Court's review of a grant or denial of a motion for summary judgment is de novo. We ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1.
The trial court rendered judgment against plaintiffs on the reconventional demand filed by Ms. Foret. Thus, it was incumbent on Ms. Foret to prove her claim. Plaintiffs, through the deposition of Ms. Quave, established that they contracted with Ms. Foret to buy the contents of House of Sweets, for $35,000.00. After the parties discovered that some of the contents in the shop did not belong to Ms. *824 Foret, the purchase price was renegotiated to $25,000.00. Plaintiffs took possession of the contents of the House of Sweets, renovated the location and opened the business. Thus, the undisputed facts show that plaintiffs entered into an agreement, received the goods, but did not pay the purchase price. The fact that plaintiffs left the goods when they vacated the property does not relieve them of the obligation to pay.
Nevertheless, plaintiffs allege that included in and an element of the contract of sale was Foret's assertion that the video poker licenses did not expire until June of 2002, when the license actually expired in February. Foret contends that plaintiffs did not plead the video poker license in their petition.
The summary judgment granted relief on the reconventional demand, not the original petition. Therefore, Foret was obligated to present evidence to establish a prima facie case of the oral contract, its terms, and its breach. In her reconventional demand, Foret alleged that she entered into a contract of sale, and that despite delivery, the purchasers failed to pay the purchase price as set forth in the contract. She admits in her pleading that the contract of sale included use of the video poker machine, but makes no mention of the gaming license or its term. Since the contract at issue was an oral one, testimony was needed to establish the terms. Foret did not present any deposition or other testimony in support of her motion for summary judgment.
In support of their contention that Foret, and not they, breached the contract, plaintiffs presented the deposition testimony of Sabrina Quave. Quave stated that the parties entered into an oral contract, and that an essential element of the contract was a gaming license, which was valid until June. Plaintiffs began operating in December, and apparently collected video revenue for January and February. According to plaintiffs, Foret breached the contract of sale when she failed to deliver a license that did not expire until June.
We find that there are genuine issues of material fact as to the terms of the contract, and therefore the trial court erred in granting summary judgment in favor of Ms. Foret. Because we find that the trial court erred in granting summary judgment, we need not rule on plaintiffs' allegation that the trial court erred in finding Ms. Quave and Ms. Leal personally liable.
Finally, plaintiffs argue that the trial court erred in dismissing their claim against Ms. Lambert. It is asserted that in 1999, prior to the negotiations at issue, Lambert entered into a bond for deed contract with Ro-Ket, Inc. for the property at issue. Thereafter, Pitre acquired the bond for deed. In his deposition, Pitre states that he first leased the property, and then took over the bond for deed sometime in 2001. Plaintiffs offer nothing to contradict this testimony. Although plaintiffs allege that Pitre was the "authorized agent" of Lambert, they offer no evidence to support this allegation. We find no error in the trial court's ruling dismissing Ms. Lambert from this suit.
For the above discussed reasons, the trial court's ruling granting summary judgment in favor of Barbara Lambert is affirmed. The trial court's ruling granting summary judgment in favor of Cassandra Foret is reversed, and the case is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.