CLARENCE E. McMANUS, Judge.
 

 *• IgPlaintiff, Louisiana Weld and Press, LLC (LWP) filed a petition for sums due on open account, (LSA-R.S. 9:2781), alleging that from April 17, 2006 through April 7, 2008, it leased certain equipment to Loupe Construction & Consulting Company, Inc. (Loupe). Loupe did not remit all the lease payments, and owed a balance of $79,570.00. LWP’s petition prayed for judgment of the principal balance, plus attorney fees as provided by R.S. 9:2781 (A). Loupe answered on October 14, 2008, alleging that it had purchased the equipment for $5,000.00, and that there was no lease agreement.
 

 LWP filed a motion for summary judgment alleging that there were no issues of material fact and that it was entitled to summary judgment as a matter of law. In support of its motion, LWP attached the affidavit of Billy Joe Buzbee, manager of LWP, and LWP’s invoices and ledger sheets evidencing the amounts billed to Loupe. Loupe did not file an opposition to the motion for summary judgment prior to the hearing, nor did it appear at the hearing. Thereafter, on March 13, 2009, the trial court rendered judgment in favor of LWP, awarding to it the principle sum of $79,570.00 plus judicial interest, and attorney fees of $750.00.
 

 On March 13, 2009, counsel for Loupe filed a motion for new trial, alleging that he did not have the summary judgment
 
 *469
 
 hearing on his calendar, and that he | awould have appeared at the hearing. LWP opposed the motion, arguing that Loupe did not assert sufficient grounds for the granting of a new trial. The trial court set the motion for hearing on May 7, 2009.
 

 On May 6, 2009, Loupe filed an opposition to the motion for summary judgment alleging that he had purchased the equipment, however he did not include any documentation, in the form of affidavits or otherwise
 
 [1]
 
 .
 

 On May 15, 2009, the trial court denied Loupe’s motion for new trial. Loupe filed his motion for appeal on June 26, 2009.
 

 In this appeal, defendant presents two issues for review. First he alleges that the trial court erred in determining that service (of the motion for summary judgment) was proper. Second he alleges that the evidence presented by plaintiff was insufficient to support the granting of the motion for summary judgment.
 

 The record reflects that plaintiff filed its motion for summary judgment and supporting memorandum, certifying that it had been mailed to opposing party, as required by LSA-C.C.P. art. 1313. The hearing was originally set for January 12, 2009. It was defendant who requested a continuance from that date. The hearing was reset for March 3, 2009, pursuant to that motion filed by defendant and not by any pleading filed by plaintiff. At the hearing on the motion for new trial, defense counsel stated that he did not receive notice because the date had not been on his calendar, to which the trial judge specifically stated that he did not know why defendant counsel had -not put that date on his calendar because that date was specifically cleared with
 
 both
 
 counsel. In light of the trial court’s assertion that [4both counsel for plaintiff and defendant were informed of the hearing date, we find no merit to this allegation of error.
 

 Second he alleges that the trial court erred in finding that the plaintiff carried its burden of proving each essential element of its case. In support of this argument, he alleges that the affidavit was defective because it was not based on the personal knowledge of the LLC, and as a fictitious entity it cannot have personal knowledge, and furthermore that the manager who signed the affidavit did not indicate he had personal knowledge, or state facts on which his personal knowledge would be based. He further alleges that the invoices attached to the motion should not have been considered because they were not certified nor do they have an affidavit asserting their correctness. Finally he argues that there are leases which are mentioned in the affidavit and not produced, or alternatively that these leases are oral and the plaintiff did not present corroborating evidence to prove this contract for lease that was over $500.00.
 

 Summary judgments are reviewed de novo on appeal, with the reviewing court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.
 
 Louisiana
 
 
 *470
 

 Safety Ass’n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass’n,
 
 09-0023, 5-6, (La.6/26/09), 17 So.3d 350, 354. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be |sconstrued to accomplish these ends.” LSA-C.C.P. art. 966(A)(2).
 
 Louisiana Safety Ass’n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass’n, supra.
 

 The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2).
 

 When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. art. 967. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Crawley v. Coastal Bridge Co., Inc.,
 
 09-181 (La.App. 5 Cir.11/10/09), 24 So.3d 315;
 
 Fat Tuesday Cafe, L.L.C. v. Foret,
 
 06-738 (La.App. 5 Cir. 2/13/07), 953 So.2d 821.
 

 In this case, the plaintiff filed suit on open account on September 9, 2008 alleging that from April 17, 2006 through April 7, 2008, it sold and/or leased equipment to Loupe, and that the unpaid outstanding balance at the time of the filing of the petition was $79,570.00. Plaintiff further alleged that it was entitled to reasonable attorney fees pursuant to LSA-R.S. 9:2781(A).
 

 Defendant, in its answer, alleged that there was no lease agreement. It contends that it had purchased the equipment for $5,000.00. It further contended that although it owned the equipment, it returned same to resolve “the situation,” and that despite request it was not given documentation of the return.
 

 LSA-R.S. 9:2781 sets forth the law on open account. LSA-R.S. 9:2781(A) provides that:
 

 In A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debt- or shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
 

 In its motion for summary judgment, LWP presented the affidavit of Billy Joe Buzbee, Manager of LWP, who averred that Loupe rented four pieces of equipment between April 17, 2006 and December 27, 2007. The first piece of equipment, a double drum sheepfoot roller # RPU1373, was rented from May 27, 2006 until December 27, 2007, for a month
 
 *471
 
 ly rental of $1,635.00, and that Loupe purchased that piece of equipment on March 20, 2008 for $5,995.00. The rental payments owed on this piece of equipment totaled $31,065.00. The second piece of equipment, a double drum sheepfoot roller 48", was leased from May 16, 2006 until December 16, 2007 for a monthly rental of $1,635.00; this piece of equipment was not purchased by Loupe. The rental payments owed on this piece of equipment totaled $31,065.00. The third piece of equipment, a single drum sheepfoot roller, was leased from May 13, 2007 to May 17, 2007 for a weekly rental of $948.30; this piece of equipment was not purchased by Loupe. The rental payment owed was $948.30. The fourth piece of equipment, a double drum sheepfoot roller 48", was leased from July 21, 2006 to December 21, 2007 for a monthly rental of $970.10; Loupe did not purchase this piece of equipment. The rental payments owned on this piece of equipment totaled $16, 491.70. The total of the amounts owed to LWP was $79,570.00.
 

 |7A1so attached to the motion for summary judgment were the invoices issued by LW/P, and a summary of those invoices reflecting the amounts already paid by Loupe.
 

 LSA-R.S. 9:2781(D) defines “open account” as “any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.”
 

 In this appeal, Loupe alleges that the affidavits and attachments are insufficient to support the summary judgment. It first contends that the affidavit is insufficient because the affiant is LWP, a fictitious entity that cannot execute an affidavit. It next contends that Mr. Buzbee did not indicate personal knowledge or specify specific facts on which his knowledge is based. He further alleges that the invoices were neither certified nor attached to an affidavit attesting to their authenticity, and therefore cannot be considered.
 

 Loupe also contends that the affidavit referred to missing documents, namely the lease agreements. Alternatively, if the leases are oral, the evidence is insufficient to prove an oral contract over $500.00 are required by LSA-C.C. art. 1846.
 

 We find no validity to Loupe’s claims that the affidavit at issue is insufficient and that the invoices are not authenticated. The fact that LWP is what appellant calls a “fictitious entity” does not invalidate the affidavit. Mr. Buzbee, manager of LWTP, signed the affidavit and referenced the invoices as LWP’s “duly authorized representative.” In the affidavit he attests that he has sufficient knowledge to execute the affidavit, and that the exhibits attached “are correct and true to the best of [his] knowledge, information, and belief.” There is no defect to the evidence offered by plaintiff.
 

 |8Loupe next contends that LWP presented insufficient evidence to prove the existence of an oral lease agreement. In support of his contention he cites to LSA-C.C. art. 1846. LW/P counters that this suit is not for breach of contract, but rather a suit on open account and therefore Article 1846 is inapplicable.
 

 In
 
 Heck v. Lafourche Parish Council,
 
 02-2044 (La.App. 1 Cir. 11/14/03), 860 So.2d 595,
 
 writ denied,
 
 04-0067 (La.3/19/04), 869 So.2d 837 the court noted that “the mere fact that a claim is based on an underlying contract between the parties does not prevent a party from asserting recovery under open account. Indeed, an open account necessarily involves some type of contractual relationship between the parties.” In
 
 Sandair Corp. v.
 
 
 *472
 

 Davis Industries,
 
 470 So.2d 279 (La.App. 5 Cir. 5/13/85), this Court found that a rental contract for a heavy-duty commercial air compressor was within the scope of LSA-R.S. 9:2781.
 

 The party that sues on an open account has the burden of proving the contract.
 
 Mattix Cabinet Works, Inc. v. Witt,
 
 625 So.2d 527 (La.App. 5 Cir.1993);
 
 Murco, Inc. v. Streeter Service Electric, Inc.,
 
 41,599 (La.App. 2 Cir. 11/1/06), 942 So.2d 690. The underlying contract that forms the basis of this open account suit are the oral rental agreements.
 

 LSA-C.C. art. 1846 provides for proof of unwritten contracts, requiring that “If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating evidence.” A plaintiff may offer his own testimony in support of his claim; however the other circumstances which corroborate the claim must come from a source other than the plaintiff.
 
 John Cherbonnier Construction v. Big Easy Roofing, Inc.,
 
 05-803 (La.App. 5 Cir. 3/14/06), 926 So.2d 587, 589-590. Only general corroboration is required. It is not necessary that plaintiff offer independent proof of every detail.
 
 Peter Vicari General Contractor, Inc. v. St. Pierre,
 
 02-250 (La.App. 5 Cir. 10/16/02), 831 So.2d 296, 301.
 

 In
 
 John Cherbonnier Construction, supra,
 
 subcontractor plaintiff filed suit against the general contractor for unpaid materials and labor, and against the homeowner seeking to enforce a materialman/la-borer lien. At issue in the appeal was whether there was on oral contract between the subcontractor and the roofing company. During trial on the merits, Cherbonnier introduced his testimony, and he entered into evidence receipts, his company’s payroll register and his lien affidavit. In finding that Chei’bonnier had not met its burden of proof, this Court said that all of the extrinsic evidence came from Cherbonnier himself and therefore there was no independent corroboration of his claim.
 

 In
 
 Murco, Inc. v. Streeter Service Electrical, Inc., supra,
 
 plaintiff filed suit on open account, seeking to recover for materials sold to defendant and shipped to defendant’s client. Defendant contended that he did not have an open account contract with plaintiff and that while he performed the work, but it was the client who was responsible for the material. At trial, corroborating evidence to support plaintiff’s claim consisted of and invoice prepared by plaintiff, and testimony of one of plaintiffs employees. On appeal, the court found that adequate proof of the oral contract under LSA-C.C. art. 1846 was lacking.
 

 In this case, the evidence consisted of the testimony of LWP’s manager, and invoices that were attested to by the same general manager in the same affidavit. Considering the foregoing codal articles and jurisprudence, we find that plaintiff did not present sufficient evidence of every element of his case so as to support the summary judgment rendered. Accordingly, we vacate the trial court’s ruling granting summary judgment and remand this matter for further proceedings.
 

 VACATED AND REMANDED
 

 [1]
 

 . Defendant's opposition to the motion for summary judgment states in its entirety that:
 

 The Answer filed in this matter is clear that Loupe Construction and Consulting Company, Inc. was purchasing the equipment in question. Loupe Construction paid for this equipment which was older than the hills and he had to repair the equipment to make it work. When it became an issue, we returned the equipment rather than fight the defendants. This is a question of fact that the court needs to determine.
 

 My client’s answer suffices and no additional affidavit is needed.