STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-256


CHRISTOPHER ATHERTON

VERSUS

ANTHONY J. PALERMO, SR., ET AL.



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-150
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Phyllis M. Keaty, Judges.



**AFFIRMED.**

**Dennis R. Sumpter**
**Sumpter Law Offices, APLC**
**1003 South Huntington Street**
**Sulphur, Louisiana 70663**
**(337) 527-5278**
**Counsel for Defendants/Appellees:**
        **Anthony J. Palermo, Sr.**
        **Palvest, Inc.**

**Christopher Atherton**
**In Proper Person**
**122 Vine Street**
**Sulphur, Louisiana 70664**
**Plaintiff/Appellant**

**KEATY, Judge.**

The plaintiff, Christopher Atherton (Atherton), appeals the trial court's grant of summary judgment in favor of the defendant, Anthony J. Palermo, Sr. (Palermo), and the resulting dismissal of his suit. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Atherton, in proper person, filed suit against Palermo and Palvest, Inc. (Palvest) on January 11, 2010, alleging breach of a contract that had allegedly been entered into between them in early January 2000. According to the petition, Atherton and the defendants reached an oral agreement to form a production company to provide sound and lighting equipment for concerts and other events. The defendants' attorney[1] then prepared a written contract which required the defendants to pay Atherton $75,000 upon signing. Atherton was to keep all profits earned until he received $500,000, after which he and the defendants would share profits equally. The petition alleged that on or about January 7, 2000, the parties met at defense counsel's office and signed the written contract. Atherton claimed that he was given a $75,000 check by defense counsel at that time, which he deposited into his bank account.[2] About one week later, Atherton discovered that the defendants had stopped payment on the check. Atherton did not attach a copy of the referenced contract to his petition.

Palermo sought and was granted a thirty-day extension to file an answer. He later sought a second extension of time on the basis that he had propounded a request for production of documents on Atherton but had not received any answers

---

[1]The attorney referred to by Atherton is the same attorney who represents the defendants in this action.

[2]At the hearing on the defendants' motion for summary judgment, Atherton stated that the check given to him that date was actually written for $74,000 due to a typographical error, but that he agreed to accept that amount rather than request that the check be reissued for $75.000.

thereto, thus preventing him from having the information necessary to answer the petition.

Palermo and Palvest filed a motion for summary judgment on July 21, 2010. Attached thereto was an affidavit signed by Palermo attesting that he was unaware of the existence of any contract between him and Atherton and that Atherton had failed to respond to Palermo's requests for discovery seeking proof of Atherton's allegations. A second affidavit signed by Joseph Palermo (Joseph),[3] as president of Palvest, Inc., was also attached to the motion. Therein, Joseph stated that Palvest had not entered into any agreement or contract with Atherton other than a commercial property lease. According to Joseph, he did not have a contract with Atherton in January 2000, and he never met at a law office with Atherton. Finally, Joseph stated that Atherton had failed to answer discovery propounded to him regarding the existence of the contract referenced in this lawsuit.

The motion for summary judgment came for hearing on October 13, 2010; the defendants were represented by counsel, and Atherton appeared in proper person. At the hearing, defense counsel explained that after being granted a second extension of time within which to answer Atherton's petition, he received a notice from the clerk of court indicating that Atherton had moved. Thereafter, he was unable to serve Atherton with any additional motions, including a motion to compel discovery that he had intended to file. Defense counsel offered four exhibits at the hearing: Joseph's affidavit on behalf of Palvest; Palermo's request for production of documents; a letter he wrote to Atherton enclosing the request for production and green certified mail card showing Atherton received same on February 18, 2010; and a notice of unserved papers regarding Atherton from the

---

[3]We are unable to determine from the record the relationship, if any, between Anthony Palermo, Jr. and Joseph Palermo.

Deputy Clerk of the Fourteenth Judicial District Court, dated April 6, 2010. After pointing out that Atherton had failed to file any opposition memorandum or opposing affidavits, the defendants requested that summary judgment be granted in their favor.

Atherton explained to the trial court that he had filed "Exhibits for Summary Judgement Hearing" into the record on October 5, 2010, opposing the defendants' motion for summary judgment. Although, as the trial court noted, Atherton included instructions that defense counsel be served with a copy of the filing, defense counsel stated that he had never been served with the documents.

The trial court informed the parties that it could not render summary judgment in the matter because the issue had not been joined due to the defendants' failure to answer the allegations in Atherton's petition. Thereafter, defense counsel filed a handwritten answer, in the form of general denial, into the record. Atherton then agreed in open court to waive all applicable delays, and he consented to the trial court proceeding with the motion for summary judgment on that date. In addition, after reviewing the documents previously filed by Atherton in opposition to their motion, the defendants agreed that the trial court could consider the documents in ruling upon their motion for summary judgment. Those documents included: a bank statement showing that $74,000 was deposited in Atherton's account on January 7, 2000 and that $74,000 was withdrawn from the account on January 14, 2000 pursuant to a stop payment order; a copy of the front and back of a deposit slip showing that $74,000 was deposited to Atherton's checking account of January 7, 2000; a check stub from Sumpter Law Offices, defense counsel's law firm, indicating that a $74,000 check was written to Atherton on January 7, 2000 with notations that the check was a loan and referencing the client as International Concerts, L.L.C.

3

After hearing arguments, the trial court granted summary judgment in favor of the defendants on the basis that Atherton "failed to provide the Court with any genuine issue of material fact to oppose the facts established by the defendants in their affidavits." In doing so, the trial court acknowledged that while the documents submitted by Atherton showed that some money had been deposited into his bank account and that a stop payment order had later been issued regarding that deposit, Atherton had not produced a contract to contradict the affidavits submitted by the defendants denying that any such contract existed between them. A written judgment was signed on November 8, 2010, granting summary judgment in favor of Palermo[4] and dismissing Atherton's suit against him with prejudice at Atherton's cost.

Atherton timely filed a motion for devolutive appeal. Although he failed to assert any formal assignments of error, the bases of Atherton's appellant brief are: the trial court failed to consider his petition for damages in ruling upon the defendants' motion for summary judgment; the trial court erred in basing its ruling "50% on the issue of prescription," even though that issue had not been raised by the defendants; and that the defendants refused to participate in discovery resulting in "plaintiff having no discovery at all." No jurisprudence is offered in support of any of Atherton's allegations on appeal.

## DISCUSSION

Summary judgment is a procedural tool "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). If the motion for summary judgment and

---

[4]Although the trial court indicated at the hearing that it would sign a summary judgment in favor of both Palermo and Palvest, the judgment presented to the trial court, which was prepared by defense counsel, only mentioned Palermo as a defendant.

supporting affidavits show that there is no genuine issue of material fact, the mover is entitled to a judgment as a matter of law. La.Code Civ.P. art. 966(B).

> When a motion for summary judgment is made and supported [by affidavits made on personal knowledge], an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise . . ., must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."

La.Code Civ.P. art. 967(B). *See also Johnson v. Littleton*, 45,323 (La.App. 2 Cir. 5/19/10), 37 So.3d 542.

In *Shultz v. Guoth*, 10-343, pp. 6-7 (La. 1/19/11), 57 So.3d 1002, 1006, the supreme court explained:

> [Louisiana Code of Civil Procedure Article 966(C)(2)] initially places the burden of producing evidence at the hearing on the motion for summary judgment on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. *Samaha v. Rau,* 07–1726, p. 4 [(La. 2/26/08)], 977 So.2d [880] at 883. ''At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. . . . Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.'' *Id.* (quoting *Wright v. Louisiana Power & Light,* 06–1181, p. 16 (La.3/9/07), 951 So.2d 1058, 1069–70).

Summary judgment was properly granted in this matter. Once the defendants supplied the trial court with affidavits supporting their claim that no contract existed between them and Atherton, they had met their burden of proof on summary judgment, and it was incumbent upon Atherton to produce evidence to show that such a contract did exist. Although he did produce evidence that a check had been issued to him from an account associated with defense counsel's law firm, Atherton failed to offer any evidence to prove the existence of a contract between him and the defendants, Palermo and Palvest, as alleged in his petition.

While the transcript from the summary judgment hearing indicates that the clerk's office was unable to locate the record at the time of the hearing, there is no evidence to indicate that the trial court did not have access to the record before signing the judgment in this matter, which occurred twenty-two days after the hearing. The judgment stated that the trial court had reviewed the submitted affidavits and Atherton's petition in ruling on the motion for summary judgment. In addition, it is clear from the transcript that the trial court was well aware of the allegations made in Atherton's petition. More importantly, as mentioned previously, the law required that Atherton do more than rest upon the allegations of his pleadings in opposing the defendants' properly supported motion for summary judgment. His insistence that a contract existed, without evidence to substantiate that assertion, was not enough to prevent the grant of summary judgment against him.

Atherton claims that the trial court erred in basing its ruling "50% on the issue of prescription." The trial court did mention the issue of prescription at the hearing and the fact that Atherton's nine-year-plus delay in filing this lawsuit had "compromised the ability of the other side to defend the claim that it should be dismissed for that reason." Despite considering the foregoing, the trial court reiterated that it was also granting summary judgment due to Atherton's failure to show that there was a "genuine issue of material fact to oppose the facts established by the defendants in their affidavits." Summary judgment was properly granted on that latter basis, and that the notion of prescription was discussed at the hearing in no way changes the fact that defendants proved their entitlement under the law to the grant of summary judgment in their favor.

Finally, Atherton's claim that the defendants refused to participate in discovery is totally devoid of merit. To the contrary, the evidence shows that the

defendants answered all discovery propounded on them.  Furthermore, we agree with the trial court's statement that, because the motion before it was one for summary judgment, the information relevant to the inquiry before it was the evidence submitted in support of or in opposition to that motion, rather than with any extraneous discovery issues.  The defendants filed their motion for summary judgment in July 2010, and the hearing on the motion was set for October 13, 2010.  Thus, Atherton had ample time to file any discovery motions if he wanted to do so.

## DECREE

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Anthony J. Palermo, Sr.  All costs of this appeal are assessed against Christopher Atherton.

**AFFIRMED.**