EDWARDS, C.J.,
dissents.
|)I disagree with the majority’s conclusion that the trial court weighed the evidence, evaluated the testimony, and made credibility determinations. In its Motion for Summary Judgment, Willwoods contended that Mr. Read could not prove the existence of an oral contract for a specific period of time and that there was no meeting of the minds. Willwoods pointed out that Mr. Read could not prove an essential element of his claim — that he was hired for a certain determinate term. The party relying on an alleged contract of employment for a set duration of time has the burden of proof that there was a meeting of the minds on the length of time of the employment.[1]
La. C.C. art. 1846 requires that proof of an oral contract in excess of $500 must be proved by at least one witness and other corroborating evidence. While that witness may be the plaintiff, the corroborating evidence must come from another source.[2]
*540 I agree that there is no dispute as to whether an employment contract existed. However, in opposing summary judgment, Mr. Read did not provide corroborating evidence of the issue before us; that is, there was no evidence that the contract was one of limited duration rather than one terminable at will.
The portion of Mr. Veters’ deposition in the record reveals that the hiring committee wanted “somebody who was going to make a commitment to Willwoods for a certain period of time.” Mr. Veters did not recall, one way or the pother, whether he asked Mr. Read to commit for a certain period of time. “There was never a time in my recollection, either with the search committee or with Mike, that we ever discussed a specific tenure for him to be at Willwoods.” The only testimony or evidence regarding a certain determinate term was that of Mr. Read. Accordingly, there was no corroborating evidence that the contract was one of a determinate duration.
The existence of a contractual relationship is a question of law and not a question of fact and, therefore, it is a proper basis for the granting of a motion for summary judgment.[3] Once Willwoods pointed out the absence of evidence for a contract term, it was incumbent upon Mr. Read to produce evidence to show that such a contract did exist. I am unable to conclude that testimony regarding the relationship between the parties, absent any specific evidence regarding the issue of a determinate term, is relevant to our inquiry.
For these reasons, I respectfully dissent.

. Brodhead v. Bd. of Trustees for State Colleges & Universities, 588 So.2d 748 (La.App. 1 Cir. 1992).

. Louisiana Weld & Press, L.L.C. v. Loupe Const., 09-720 (La.App. 5 Cir. 1/12/10), 31 So.3d 467.

. See, e.g., McPherson v. Cingular Wireless, LLC, 07-0462 (La.App. 3 Cir. 10/3/07), 967 So.2d 573, 579 writ not considered, 07-2147 (La. 1/7/08), 972 So.2d 1150. See also, Atherton v. Palermo, 11-256 (La.App. 3 Cir. 10/26/11), 76 So.3d 1253.