996 So.2d 1161 (2008)
Tara MATTHEWS
v.
Marc C. BANNER, John Wright, Banner Property Managment, Inc., The Parish of Jefferson, Columbia Property Management, and Cyril G. Lowe, Jr.
No. 08-CA-339.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*1162 Hugh E. McNeely, Law Offices of Mark W. Smith, Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
P.M. Donovan, Christopher P. Lawler, Donovan & Lawler, Attorneys at Law, John E. McAuliffe, Jr., Frederick A. Miller and Associates, Attorney at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.
Plaintiff, Tara Matthews, appeals from the grant of a motion for summary judgment in favor of defendants, Mark Banner and Banner Property Management, dismissing her suit against them. For the reasons that follow, we affirm the decision of the trial court.
On August 16, 2005, Ms. Matthews filed her petition for damages against several defendants, including Mark Banner and Banner Property Management (hereinafter "Banner."). In her petition, she alleged that she was traversing the alleyway, in darkness, when she tripped over some boards that were lying in the alleyway, causing her to sustain a broken ankle and other injuries. Banner is the owner of one of the properties adjoining the alleyway. Ms. Matthews further alleged that the boards were placed there either by the Parish of Jefferson or as a result of a fence construction on Banner's property.
Banner filed a motion for summary judgment, arguing that plaintiff had no claim against them. Banner alleged that Ms. Matthews did not present evidence to prove that Banner had any relationship with the area of the property where she fell or with the boards that caused her fall. Accordingly, she failed to prove any legal relationship, and failed to prove that Banner had any duty with respect to the accident site or the boards.
After the hearing on July 11, 2007, the trial court rendered judgment in favor of Banner, dismissing Ms. Matthews' suit. In this appeal, Ms. Matthews alleges that the trial court erred in granting the motion for summary judgment.
A motion for summary judgment should be granted only if the pleadings, depositions, *1163 answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Fat Tuesday Cafe, L.L.C. v. Foret, 06-738 (La.App. 5 Cir. 2/13/07), 953 So.2d 821.
This Court's review of a grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424, (La.4/14/04), 870 So.2d 1002, 1006. This Court asks the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1.
In her cause of action against Banner, Ms. Matthews contended that there had been fence construction on Banner's property. She alleges that during that fence construction, as well as other unnamed constructions projects, the boards must have been left in the alleyway. She produced pictures to show both the accident site, and the boards that caused her accident.
In support of the motion for summary judgment, Banner introduced the affidavit of Marc Banner, in which he averred that he instructed John Wright to repair a fence along the side and rear of his property, (which abutted a portion of the alleyway). Once the fence was completed, he and Mr. Wright loaded all the old boards on a trailer and removed them from the property. No old boards were left on his property or any adjoining property. He reviewed the photos taken by the plaintiff and the boards shown are not the same size as the boards taken from the old fence or the boards used in the new fence project. In addition, the photos showed that the boards where the plaintiff had her accident were not located on his property, but were located on adjoining property. Finally, he averred that he did not own or manage the property where plaintiff resided, and which was her destination at the time she fell.
To defeat the motion for summary judgment, Ms. Matthews introduced pictures of the accident site. She also introduced the affidavit of Rolondo Hernandez, a General Contractor, in which he stated that the boards on which Ms. Matthews tripped were the type that are commonly used in the construction of a gate when building a fence. He further averred that there was other construction or renovation work, involving the roof, and "depending upon the details of such work or renovation, the boards in the photographs may have been utilized for some purpose related to such other renovation work being conducted on the roof of the property."
In this appeal, Ms. Matthews alleges that a genuine issue of material fact exists with regard to who left the fence boards in the alleyway. Considering the motion for summary judgment, Banner produced evidence to show that the boards in question were not located on his property and were not left by him or anyone working for him. Ms. Matthews produced no evidence to show that Banner actually did utilize the boards in question, either on the fence project or on any other project, and no evidence to show that Banner left the *1164 boards on the adjoining property. Accordingly, Ms. Matthews failed to produce evidence to support her contention of a genuine issue of material fact and the trial court did not err in granting of Banner's motion for summary judgment.
For the above discussed reasons, the judgment of the trial court granting summary judgment in favor of Marc C. Banner and Banner Property Management, Inc. is affirmed. All costs are assessed against plaintiff/appellant, Tara Matthews.
AFFIRMED.