FREDERICKA HOMBERG WICKER, Judge.
|2In this medical malpractice action, plaintiff appeals the trial court’s granting of summary judgments in favor of defendants. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Carl Gabriel, injured his foot while working in the course and scope of his employment with Delta Airlines.[1] On April 19, 2011, plaintiff, in proper person, filed this medical malpractice action against defendants herein, Drs. Faust and Tamimie, claiming that they breached the standard of care in treating his foot injury. A medical review panel had convened, but expired without an opinion rendered in December 2010.
|3In Count I of his petition, plaintiff alleged that Dr. Tamimie failed to follow the standard practice for treating his “crush injury” and misread his x-rays, leading to an improper diagnosis. Additionally, in Count I of his petition, plaintiff alleged that Dr. Faust misread x-rays and an MRI, failed to properly diagnose his foot fracture, and failed to provide adequate medical treatment for his injury. In Count II of his petition, plaintiff alleged that Dr. Faust fraudulently misrepresented that plaintiffs injury had healed when x-rays revealed otherwise and inaccurately documented plaintiffs behavior and symptoms in his medical records.
On May 17, 2011, Dr. Faust filed exceptions of prescription, prematurity, vagueness and ambiguity, and a motion to strike Count II of plaintiffs petition. Dr. Faust asserted that the allegations in Count II of plaintiffs petition were premature because they had not first been properly presented to the medical review panel. On June 21, 2011, the trial court denied Dr. Faust’s exception of prescription but granted his exceptions of prematurity and vagueness and his motion to strike Count II of the petition, thereby dismissing Count II of plaintiffs petition.[2]
In December of 2011, defendants both filed Motions for Summary Judgment, asserting that plaintiff had failed to produce any expert medical opinion to support his medical malpractice claims against defendants. The trial court set the hearing on defendants’ motions for summary judgment for January 23, 2012. On that date, plaintiff requested an additional sixty days to obtain an expert to support his claim. The trial court continued the hearing and reset it for March 19, 2012. On March 19, 2012, the trial court found that plaintiff failed to produce any medical expert testimony to support his claims and granted defendants’ motions for summary judgment, dismissing plaintiffs suit against them. On the same day, ^plaintiff filed a motion for leave to amend his original petition to add allegations of fraud against both Drs. Faust and Tamimie, which the trial court denied on March 22, 2012. On March 28, 2012, plaintiff filed a Motion for *719 New Trial, which the trial court denied on April 3, 2012. This timely appeal follows.
In this appeal, plaintiff challenges the trial court’s granting of defendants’ motions for summary judgment and the trial court’s denial of his motion for leave to amend his original petition. For the following reasons, we affirm.

Motions for Summary Judgment

Plaintiff claims that the trial court erred in granting defendants’ summary judgment and in finding that defendants-movers met their burden of proof by simply “pointing out” that plaintiff did not have a qualified medical expert. Plaintiff asserts that defendants put forth no evidence to support their motions and therefore the trial court erred in shifting the burden of proof to plaintiff to establish that he could meet his evidentiary burden of proof at trial.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 546; La. C.C.P. art. 966. Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Matthews v. Banner, 08-339 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163. The summary judgment procedure is favored and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2).
A motion for summary judgment must be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that |smover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). On a motion for summary judgment, the burden of proof remains with the movant. “However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
The Louisiana Supreme Court has interpreted the burden-shifting language of La. C.C.P. art. 966(C)(2) and found that the article “first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.” Wright v. Louisiana Power & Light, 06-1181 (La.3/9/07), 951 So.2d 1058, 1070 (emphasis added). Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Garrison v. Tanenbaum, 02-1181 (La.App. 5 Cir. 4/8/03), 846 So.2d 40, 43; Foster v. Consolidated Employ- *720 merit Systems, Inc., 98-948 (La.App. 5 Cir. 1/26/99), 726 So.2d 49.
lfiThe motions for summary judgment in this case arise out of a medical malpractice claim. To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794.
Expert testimony is generally required in a medical malpractice case to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Schultz v. Guoth, 10-0343 (La.1/19/11), 57 So.3d 1002, 1006-07. The Louisiana Supreme Court has recognized that expert testimony is not always required but that, in most cases, the plaintiff will be unable to sustain his burden of proof without such evidence. Id. The Court has found that in cases of “obvious negligence that could be inferred by a lay person,” expert testimony may not be required. Pfiffner v. Corea, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228,1234. The Louisiana Supreme Court has provided examples of acts of obvious negligence in a medical malpractice action that would not require the plaintiff to present expert testimony, such as “where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient’s body.” Id.
In this case, plaintiff alleges that defendants misread x-rays and MRIs, misdiagnosed a “crush injury” and foot fracture, and failed to follow the standard practice for treatment of his injury. We find that whether defendants breached the standard of care and whether such breach caused plaintiffs damages will require the consideration of expert testimony on the “standard practice” for treatment of a crush injury and the interpretation of x-rays and other medical imaging. Therefore, |7we conclude that this case is one which will require expert testimony and is “simply beyond the province of a lay person to assess without the aid of expert testimony.” Schultz v. Guoth, 57 So.3d at 1009.
In support of their motions, defendants attached discovery propounded to plaintiff, to which he never responded[3], and pointed *721 out that plaintiff had not presented any qualified medical expert opinion to support his claims. At the January 23, 2012, hearing, plaintiff requested additional time to obtain an expert. Plaintiff indicated to the court that he had difficulty obtaining counsel to represent him in this matter and that he had financial difficulty in obtaining an expert to support his claims. Plaintiff also informed the trial court that his family had committed to helping him financially so that he could retain an expert in this case. The trial court continued the hearing to March 19, 2012, and instructed plaintiff that he would need to find an expert to support his claims.
On March 1, 2012, plaintiff filed an amended response to defendants’ motions for summary judgment, attaching no additional evidence, deposition testimony, or affidavits in support of his claims.[4] At the March 19, 2012 hearing, | ¡¡plaintiff informed the court that he had an expert, Ms. Elam, present in court ready to testify. Defendants objected to the testimony, claiming that they had not been provided notice of Ms. Elam’s qualifications as an expert and in fact claimed that Ms. Elam was not a licensed physician. Plaintiff did not present Ms. Elam’s C.V. or proffer any documentation to prove her qualifications. The trial judge specifically questioned plaintiff about Ms. Elam’s qualifications and, in response, plaintiff continued his argument and intentionally never responded to the trial judge’s inquiries concerning Ms. Elam’s qualifications.[5] We find the trial judge did not abuse his discretion in not allowing Ms. Elam to testify at the hearing and in finding that plaintiff failed to present a qualified medical expert in support of his claims.
Upon review of the record, we find that defendants properly pointed out an absence of support for plaintiffs medical malpractice claim, ie., that plaintiff did not put forth any expert medical testimony to prove that defendants breached the standard of care in rendering treatment to plaintiff. Despite a continuance granted by the trial court to afford plaintiff additional time to retain an expert, plaintiff produced no medical expert testimony to support his claims. As such, we find summary judgment in this case to be proper.
*722 Plaintiff additionally argues that the March 9, 2012 summary judgment at issue in favor of defendants is void because it contains a misrepresentation of which counsel was present at the summary judgment hearing. The judgment submitted to the court by counsel for Dr. Faust and subsequently signed by the trial judge reflects that Mr. Dwight Paulsen, counsel of record for Dr. Tamimie, was ^present at the summary judgment hearing when in fact he was not present. The record reflects that no counsel made an appearance on behalf of Dr. Tamimie at the March 19, 2012, hearing. In brief to this Court, the parties assert that Mr. Michael Sims, who is also counsel of record for Dr. Tamimie, was present to represent Dr. Tamimie at the March 19, 2012 hearing. Plaintiff argues that this misrepresentation in the judgment results in the voiding of the judgment. We find that this clerical, non-substantive error does not affect the validity of the judgment rendered in favor of defendants. Plaintiffs argument in this regard has no merit.

Motion for Leave to Amend Original Petition

On March 19, 2012, the same date of the granting of defendants’ motions for summary judgment, plaintiff filed a Motion for Leave to Amend Original Petition. In his motion, plaintiff sought to amend his original petition to add allegations of fraud against Drs. Faust and Tamimie. On March 22, 2012, the trial court denied plaintiffs motion to amend.
Article 1151 of the Louisiana Code of Civil Procedure provides that, after an answer has been filed, a party may request to amend a petition only by leave of court or with consent of the adverse party. The decision to permit amendment of the petition after the answer has been filed lies within the sound discretion of the trial judge “who is in the best position to determine the matter.” See La. C.C.P. art. 1151 Official Revision Comments. In this case, where the motion for leave to amend was filed on the same date as the granting of defendants’ motions for summary judgment [6] and where the trial court had previously granted an exception 110of prematurity and a motion to strike plaintiffs prior fraud allegations, we find the trial court did not abuse his discretion in denying plaintiffs motion for leave to amend.
The judgments of the trial court are hereby affirmed.

AFFIRMED

. See Gabriel v. Delta Air Lines, Inc., 12-428 (La.App. 5 Cir. 1/30/13), 2013 WL 336148.

. Plaintiff did not seek review of that judgment from this Court and has not assigned any error from that judgment in this appeal.

. Plaintiff argues that the trial court improperly considered discovery propounded upon plaintiff during the medical review panel stage of the proceedings. Dr. Tamimie filed a Petition to Institute Discovery in the 24th Judicial District Court and subsequently propounded Interrogatories, Request for Production of Documents, and Requests for Admissions upon plaintiff, to which he never responded. On September 30, 2010, the trial judge in that case, Judge Ellen Kovach, signed a judgment finding that the requests for admissions were deemed admitted as a result of plaintiff's failure to respond. A copy of the September 30, 2010, judgment and Requests for Admissions were attached to Dr. Tamimie’s Motion for Summary Judgment and properly offered and introduced into evidence. Plaintiff asks this Court to consider whether the Requests for Admissions were properly propounded during the medical review panel stage of the proceedings under La. R.S. 40:1299.39 if we find that the trial judge considered said admissions in rendering his judgment. We need not consider this issue because we find that the trial court did not consider or rely upon the Requests for Admissions or the September 30, 2010 judgment in rendering his decision. Rather, the record clearly reflects that the trial judge based his decision to grant summary judgment on plaintiffs lack of expert medical testimony or opinion to support his medical malpractice claims. Nothing in the transcript, judgment, or reasons for judg *721 ment reflects that the trial court considered the previously propounded requests for admissions or the September 30, 2010 judgment. The record does reflect, however, that on June 21, 2011, after the filing of plaintiff’s instant suit and the dissolution of the medical review panel, Dr. Faust propounded a subsequent set of Interrogatories and Requests for Production of Documents upon plaintiff, to which he never responded. Those documents were also attached to Dr. Faust’s Motion for Summary Judgment and properly introduced into evidence.

. In opposition to defendants' motions for summary judgment, plaintiff attached an excerpt of Dr. Faust’s deposition, which does not provide any expert medical opinion to support a claim of medical malpractice. Plaintiff also attached medical records from his treatment with Drs. Faust, Tamimie, and Nutick. These medical records were simply attached to plaintiff's opposition and were not formally offered and introduced into evidence. The trial court did not consider these medical records in granting defendants' motions for summary judgment and this Court is prohibited from considering evidence not first properly introduced in the trial court. Documents simply attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88. See also La. C.C.P. art. 966(E)(2) and Sheffie v. Wal-Mart Louisiana, LLC, 11-1038 (La.App. 5 Cir. 5/31/12), 92 So.3d 625, 629.

. Defendants argue that Ms. Elam is plaintiff's girlfriend, who was a medical student at the time of his worker’s compensation appeal. See Gabriel v. Delta Air Lines, Inc., 12-428 (La.App. 5 Cir. 1/30/13), 106 So.3d 1285.

. In brief to this Court, plaintiff argues that he did in fact fax-file his motion for leave to amend his original petition days before the signing of the defendants’ summary judgment. Plaintiff asks this Court to permit him to produce a receipt to prove that his motion was filed prior to the granting of summary judgment. The record on appeal reflects that plaintiff’s motion was filed on the same date as the granting of the motion. The alleged fax-file receipt was not presented to the trial court and this court may not accept or consider evidence not first properly presented to the trial court. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C.C.P. art. 2164; Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88. Regardless, we find that, even had the motion been filed days prior to the granting of summary judgment, the trial judge did not abuse his discretion in denying plaintiff’s motion for leave to amend under the facts of this case.