MAGNOLIA HUBBARD ALEXANDER

VERSUS

ACADEMIC DERMATOLOGY ASSOCIATES,
LLC, DR RYAN MATHERNE, AND DR.
TAMELA L. CHARBONNET

NO. 22-C-75

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 797-681, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

June 08, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT**
**GRANTED**
    **FHW**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
MAGNOLIA ALEXANDER
    Frank J. D'Amico, Jr.
    Pierre F. Gremillion

COUNSEL FOR DEFENDANT/RELATOR,
ACADEMIC DERMATOLOGY ASSOCIATES, LLC, DR. RYAN MATHERNE,
AND DR. TAMELA CHARBONNET
    Raymond R. Egan, III

**WICKER, J.,**

In this medical malpractice litigation, relators-defendants, Academic Dermatology Associates, L.L.C., Dr. Ryan Matherne, and Dr. Tamela Charbonnet, seek review of the trial court's denial of their motion for summary judgment. For the following reasons, we find that the trial court erred in denying summary judgment where plaintiff, Magnolia Hubbard Alexander, failed to produce any expert testimony to demonstrate the applicable standard of care or to prove that defendants breached the applicable standard of care as set forth in La. R.S. 9:2794.[1] Accordingly, we grant this writ application, reverse the trial court's February 14, 2022 judgment, and grant summary judgment in favor of relators-defendants.

This litigation arises out of plaintiff's medical malpractice claim against relators-defendants for personal injuries alleged as a result of a facial lipoma removal procedure and related treatment performed by defendants between March and May 2016. On June 17, 2021, relators-defendants filed a motion for summary judgment, contending that plaintiff could not meet her burden to prove that she would be able to prevail at trial in her medical malpractice claim, specifically that plaintiff failed to put forth any expert testimony to prove the applicable standard of care or that defendants breached that standard of care as required by La. R.S. 9:2794.

---

[1] La. R.S. 9:2794 provides:

A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., an optometrist licensed under R.S. 37:1041 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:

(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.

(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.

(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

In support of their motion for summary judgment, defendants attached the Medical Review Panel Request, which alleges that on March 21, 2016, defendant Dr. Matherne surgically removed a facial lipoma from plaintiff's left cheek. The Request states that, days later, plaintiff returned to the office to have the stitches removed by Dr. Charbonnet and an unnamed assistant. The Request further alleges that approximately two months later, on May 23, 2016, plaintiff returned for consultation due to continued pain and numbness in her cheek and that Dr. Matherne admitted that a stitch remained in plaintiff's left cheek that should have been removed and would cause permanent scarring.[2]

In further support of their motion for summary judgment, defendants produced the Medical Review Panel Opinion, which determined that defendants did not breach the applicable standard of care in providing medical treatment to plaintiff. The Medical Review Panel Opinion states:

(1) The surgery was performed appropriately.
(2) There is no evidence that any stitch was left in place. Subsequently, the patient saw two doctors and they also did not see a stitch left in the patient.
(3) Even if there was a stitch left behind that is not a breach of the standard of care and would not cause lingering problems especially since this was a dissolvable suture.

In opposition to the motion for summary judgment, plaintiff produced her affidavit as well as medical records from a neurologist, Dr. Daniel Trahant. In her affidavit, plaintiff attested that she underwent procedures with defendants for the removal of a facial lipoma. Plaintiff further attested that defendants informed her that all stitches were to be removed after the procedure but that, one year after the procedure, she still experienced pain and numbness. Plaintiff claimed that she subsequently sought treatment from LA Dermatology Associates, who informed her that "portions of the stitches" remained in her face nearly a year after the

---

[2] In further support of their motion for summary judgment, defendants produced August 7, 2019 discovery requests propounded upon plaintiff, to show that defendants sought the identity and report, if any, of any experts consulted or expected to testify at trial to support plaintiff's claim.

removal of the lipoma. Plaintiff alleged that, "as a result of the stitches left in her cheek, she experienced substantial pain, numbness, nerve damage, scarring and [s]he had had to seek additional medical treatment and plastic surgery."[3]

In further opposition to the motion for summary judgment, plaintiff produced a copy of her medical records with Dr. Daniel Trahant, a neurologist, to document her treatment subsequent to the procedure at issue. Dr. Trahant's April 10, 2018 medical record report reflects he evaluated plaintiff for complaints of pain and numbness and, based upon his examination as well as the patient's medical history, as provided by the patient, he opined, "Ms. Alexander has developed a trigeminal neuralgia syndrome involving both the mandibular and maxillary division of the left trigeminal nerve, associated with the surgery for lipoma involving the left *lower* face, with apparently a retained suture." Dr. Trahan subsequently stated plaintiff's diagnosis as "some components compatible with a trigeminal neuralgia, following trigeminal nerve injury at the time of her surgery and/or related to retained suture material."

Dr. Trahant's records also contain medical records from other facilities, including a report from LA Dermatology Associates, which indicates that plaintiff was treated on September 9, 2016, at which time the physician reported that she "did visually see a retained suture." The medical records also include a November 28, 2016 report from Bopp Dermatology, indicating that "we do not see any evidence of suture" remaining and an August 8, 2017 record from Dr. Gerber with Bellaire Dermatopathology, which states, "[n]o suture is noted. However, there are a few small particles of [] polarizable material in the mid to deep dermis. There are

---

[3] Plaintiff further attested that she selected defendants-providers because they were highly recommended, but did not realize defendants-providers were dermatologists. Plaintiff attested that Dr. Matherne and Dr. Tamela, with Academic Dermatology Associates, L.L.C., held themselves out to be plastic surgeons, and not dermatologists. It appears this issue has been raised for the first time in opposition to the motion for summary judgment, and not through a petition for damages or a request for medical review panel. To the extent that this claim raises an additional cause of action or allegation against defendants-providers not originally prayed for and not at issue in the motion for summary judgment, that issue is not before this Court.

22-C-75                                    3

associated inflammatory cells including some multinucleated giant cells." The August 8, 2017 record also states that plaintiff was "[r]eassured that this is normal and many people have sutures that absorb slowly."

On January 28, 2022, the trial court conducted a hearing on relators-defendants' motion for summary judgment. At the conclusion of the hearing, the trial judge applied the Louisiana Supreme Court's *Pfiffner v. Correa*[4] decision to the facts of this case, finding this case to be one of obvious negligence in which expert testimony is not required to prove the applicable standard of care or to prove that the medical provider defendants breached that standard of care. This timely writ application followed.

Appellate courts review the granting or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. *Valence v. Jefferson Par. Hosp. Dist. No. 2*, 13-48 (La. App. 5 Cir. 10/30/13), 128 So.3d 455, 458; *Matthews v. Banner*, 08–339 (La. App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163. The summary judgment procedure is favored and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2).

The Louisiana Supreme Court has interpreted the burden-shifting language of La. C.C.P. art. 966(C)(2) and found that the article "first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (usually the defendant), who can ordinarily meet that burden by submitting affidavits *or* by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at

---

[4] 94-0924 (La. 10/17/94), 643 So.2d 1228.

trial." *Gabriel v. Tamimie*, 12-584 (La. App. 5 Cir. 3/13/13), 110 So.3d 717, 719-20, *writ denied*, 13-1169 (La. 8/30/13), 120 So.3d 268, citing *Wright v. Louisiana Power & Light,* 06-1181 (La. 3/9/07), 951 So.2d 1058, 1070 (emphasis added). Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id.*; *Garrison v. Tanenbaum*, 02-1181 (La. App. 5 Cir. 4/8/03), 846 So.2d 40, 43.

To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Generally, in a medical malpractice suit, expert testimony is required to establish the applicable standard of care and whether or not that standard was breached. *Valence*, 128 So.3d at 459.

The Louisiana Supreme Court has recognized that "there are situations in which expert testimony is not necessary. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence." *Pfiffner*, 643 So.2d at 1233. The Court however also recognized that "in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA–R.S. 9:2794's requirements without medical experts." *Pfiffner*, 643 So.2d at 1234.

Upon our *de novo* review, we conclude that this case is one which will require expert testimony and is "simply beyond the province of a lay person to assess without the aid of expert testimony." *Schultz v. Guoth,* 57 So.3d at 1009. Upon review of the evidence presented in support of and in opposition to the

motion for summary judgment, we find that defendants properly pointed out an absence of support for plaintiff's medical malpractice claim, *i.e.,* that plaintiff did not put forth any expert medical testimony to prove (1) the applicable standard of care for a physician performing a facial lipoma removal and (2) that defendants-providers in this case breached that applicable standard of care in rendering treatment to plaintiff. In opposition, and despite continuances granted to permit plaintiff to obtain expert testimony to support her claims,[5] plaintiff failed to produce sufficient support to prove that she would prevail at trial in her medical malpractice action.

Specifically, in this case, we find expert testimony would be required to prove the standard of care that applies to physicians performing lipoma removal procedures (including the type of sutures used, the type of sutures to be removed, and whether any sutures should remain following lipoma removal), the breach of the standard of care (whether in this case the remainder of "polarized material" or "suture" is in fact a breach in the standard of care, or whether it is a dissolvable suture intentionally left to dissolve over time), and, finally, whether defendants' breach of that standard of care is the cause of plaintiff's alleged damages (or the result of the presence of the lipoma or separate medical condition). See *Choina v. Melcher*, 21-537 (La. App. 5 Cir. 3/30/22), 2022 WL 946328 (in which this Court recently found a plaintiff was required to present expert testimony to support a medical malpractice claim for damages related to a dislocated toe—the result of plaintiff's foot striking an examination table or equipment when following the physician's instructions to move her leg during an examination).

---

[5] Plaintiff filed a motion to continue the summary judgment hearing, which the trial court granted. The hearing on defendants' motion for summary judgment was continued from July 30, 2021, to September 14, 2021. Subsequently, new counsel enrolled in the case on behalf of plaintiff and, upon counsel's request, the hearing on the motion for summary judgment was again continued to January 13, 2022.

Accordingly, for the reasons provided, we find the trial judge erred in denying summary judgment in this case. We grant this writ application, reverse the trial court's February 14, 2022 judgment, grant summary judgment in favor of relators-defendants, Academic Dermatology Associates, L.L.C., Dr. Ryan Matherne, and Dr. Tamela Charbonnet, and dismiss plaintiff's claims against them with prejudice.

**<u>WRIT GRANTED; JUDGMENT REVERSED;</u>**
**<u>SUMMARY JUDGMENT GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 8, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**22-C-75**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
FRANK J. D'AMICO, JR. (RESPONDENT)        PIERRE F. GREMILLION (RESPONDENT)        RAYMOND R. EGAN, III (RELATOR)

**MAILED**
NO ATTORNEYS WERE MAILED