ROD RUSSELL

VERSUS

RIVERLANDS ANIMAL HOSPITAL,
JENNIFER CRAWFORD, CATHERINE
GARON AND ROBERT VENNEN

NO. 23-C-510

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 75,870, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

January 31, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**REVERSED; JUDGEMENT RENDERED**
    **JJM**
    **MEJ**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
ROD RUSSELL
    Tanner D. Magee
    Robert J. Landry

COUNSEL FOR DEFENDANT/RELATOR,
RIVERLANDS ANIMAL HOSPITAL, JENNIFER CRAWFORD, CATHERINE
GARON AND ROBERT VENNEN
    Howard B. Kaplan

**MOLAISON, J.**

The relators, Riverlands Animal Hospital, Jennifer Crawford, Catherine Garon, and Robert Vennen, (hereinafter, referred to collectively as "the defendants"), seek review of the trial court's denial of their motion for summary judgment. For the following reasons, this writ application is granted, the denial of the summary judgment is reversed and summary judgment is granted.

## FACTS AND PROCEDURAL HISTORY

On September 6, 2019, the plaintiff's 12-year-old Chihuahua, Rico, was taken to Riverlands Animal Hospital for "acute vomiting with blood." Rico was examined by Dr. Crawford and he was found to have a heart murmur, a tense abdomen, and was weak. Lab work indicated that he was anemic and he was given a blood transfusion. X-rays were normal. An ultrasound could not rule out the possibility of a gastric mass. Rico was administered a radiopaque dye, barium, and serial x-rays were taken. The gastric walls were identified and there was no evidence of a gastric perforation based on the fact that there was no leakage of barium outside of the gastrointestinal tract. Rico was admitted to the hospital in order for his condition to be stabilized and a gastric endoscopy was scheduled for September 10, 2019. On September 7, 2019, Rico was discharged by Dr. Garon.

On the evening of September 9, 2019, Rico was brought back to Riverlands and was examined by Dr. Vennen. Rico had a heart murmur, was anemic, and weak. He was admitted to the hospital and was given a blood transfusion. At approximately 8 a.m. the next morning, Dr. Garon noted that Rico had respiratory distress with coughing and crackles in all lung fields. X-rays indicated he had an enlarged heart and pulmonary edema. He was given oxygen and medication to treat these conditions, but he died on September 10, 2019. A necropsy was

performed which revealed, among other findings, a gastric perforation and mitral valve endocarditis.

On October 9, 2020, the plaintiff filed a petition for damages alleging that Rico was misdiagnosed and that the defendants failed to competently address, assess, and diagnose the heart murmur, and failed to properly test to rule out a stomach ulcer and stomach cancer. On March 28, 2023, the defendants filed a motion for summary judgment that was supported by the affidavit of Dr. Crawford. In the motion, the defendants argued that the plaintiff had not come forth with any expert evidence to refute this affidavit or any evidence to show that the defendants breached the standard of care that resulted in the death of Rico. The plaintiffs filed an opposition to the motion accompanied by an affidavit of a veterinary student.

The trial court held a hearing on the motion for summary judgment and denied the defendants' motion for summary judgment. The defendants filed a timely writ application in this Court. Pursuant to La. C.C.P. art. 966H, this court set the matter for additional briefing and argument.

## LAW AND DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden then shifts to the adverse party to produce factual support

sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). Supporting and opposing affidavits on a summary judgment shall be made on personal knowledge, shall set forth such facts that would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence pursuant to La. C.E. art. 702, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880.

A decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Bach v. Bd. of River Port Pilot Comm'rs, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362.

Under Louisiana law, medical malpractice standards are used to consider a veterinary malpractice case. Ladnier v. Norwood, 781 F.2d 490, (5th Cir. 1986). The same standards used to analyze medical malpractice cases are applicable in veterinary malpractice cases, that is, "to exercise the degree of skill ordinarily employed under similar circumstances by members of their profession in good standing in the community." Milke v. Ratcliff Animal Hosp., Inc. ex rel. Ratcliff,

48,130 (La. App. 2 Cir. 7/10/13), 120 So. d 343, 347; <u>Dyess v. Caraway</u>, 190 So.2d 666 (La. App. 2 Cir. 9/27/66). In a medical malpractice case, expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. <u>Schultz v. Guoth</u>, 10-0343 (La.1/19/11), 57 So.3d 1002, 1006-07; <u>Gabriel v. Tamimie</u>, 12-584 (La. App. 5 Cir. 3/13/13), 110 So.3d 717, 720, <u>writ denied</u>, 13-1169 (La. 8/30/13), 120 So. 3d 268. The Louisiana Supreme Court has recognized that in cases of "obvious negligence that could be inferred by a lay person," expert testimony may not be required. <u>Pfiffner v. Corea</u>, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228, 1234.

In the petition for damages, the plaintiff specifically alleged that the defendants failed to competently address, assess, and diagnose the heart murmur, and failed to properly test to rule out a stomach ulcer and stomach cancer. In responses to discovery, the plaintiffs also state that the defendants failed to perform an endoscopy and failed to diagnose a gastric perforation. In sum, the plaintiff claims that the defendants failed to properly diagnose and failed to follow the standard practice for diagnosis and treatment of Rico's symptoms. We find that whether the defendants breached the standard of care and whether such breach caused Rico's death will require expert testimony to establish the standard of care for diagnosis and treatment of dog with the symptoms Rico had when he was brought in for treatment.

In their motion for summary judgment, the defendants argued that the plaintiff does not have factual support regarding the allegation of failing to diagnose the heart murmur, pointing out that the medical records indicate that a heart murmur was diagnosed. The defendants further pointed out that the

diagnostic testing performed on September 6, 2019 indicate that Rico did not have a gastric perforation. The defendants further argued that the plaintiff does not have the required expert testimony necessary to carry his burden of proof at trial.

In the instant case, the plaintiff has the burden of proving that the care rendered by the defendants fell below the standard of care exercised by other veterinarians under similar circumstances. In an effort to come forth with evidence to show that he will be able to meet his evidentiary burden at trial, the plaintiff attached an affidavit by Mary Russell, a veterinary student, who is the plaintiff's daughter. The plaintiff claims that Ms. Russell is "an expert in clinical veterinary medicine." In the opposition to the motion for summary judgment, the plaintiff argued that "plaintiff has an expert who will testify that Riverlands breached the standard of care, and the plaintiff has evidence that the defendants caused injury and death to Rico."

La. R.S. 9:2794 provides in pertinent part:

> D. (1) In a medical malpractice action against a physician, licensed to practice medicine by the Louisiana State Board of Medical Examiners under R.S. 37:1261 et seq., for injury to or death of a patient, a person may qualify as an expert witness on the issue of whether the physician departed from accepted standards of medical care only if the person is a physician who meets all of the following criteria:
>
> (a) He is practicing medicine at the time such testimony is given or was practicing medicine at the time the claim arose.
>
> (b) He has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim.
>
> (c) He is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of care.
>
> (d) He is licensed to practice medicine by the Louisiana State Board of Medical Examiners under R.S. 37:1261 et seq., is licensed to practice medicine by any other jurisdiction in the United States, or is a graduate of a medical school accredited by the American Medical Association's Liaison Committee on Medical Education or the American Osteopathic Association.

(2) For the purposes of this Subsection, "practicing medicine" or "medical practice" includes but is not limited to training residents or students at an accredited school of medicine or osteopathy or serving as a consulting physician to other physicians who provide direct patient care, upon the request of such other physicians.

(3) In determining whether a witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness is board certified or has other substantial training or experience in an area of medical practice relevant to the claim and is actively practicing in that area.

(4) The court shall apply the criteria specified in Paragraphs (1), (2), and (3) of this Subsection in determining whether a person is qualified to offer expert testimony on the issue of whether the physician departed from accepted standards of medical care.

In this case, at the time this cause of action arose, at the time she signed her affidavit, and at the time of the hearing on the defendants' motion for summary judgment, Mary Russell did not meet the criteria of La. R.S. 9:2794. Ms. Russell had not graduated from an accredited school of veterinary medicine, was not licensed to practice veterinary medicine, and was not practicing veterinary medicine. In the written reasons for judgment filed by the trial judge, she acknowledged that the defendants' motion for summary judgment was supported by the expert affidavit of Dr. Crawford. The trial judge went on to state that "Mary Russell and Dr. Crawford are both competent to give a personal opinion on the issues being disputed, given that both have the education and experience in such discipline of veterinary medicine and animal health beyond the understanding of the average layman." The trial judge applied the incorrect burden on the plaintiff. The plaintiff's burden in this case is to establish that the defendants breached the standard of care required by practitioners in the field of veterinary medicine. Ms. Russell lacks the statutorily required qualifications to qualify as an expert to establish the standard of care in veterinary medicine. The trial court erred in finding that the affidavit of Ms. Russell was sufficient to refute the properly

supported motion for summary judgment filed by the defendants. The trial court erred in denying the defendants' motion for summary judgment when the plaintiff failed to come forth with sufficient proof that he would be able to carry his evidentiary burden at trial. These findings pretermit a discussion of the other issues raised in the writ application.

## CONCLUSION

For the foregoing reasons, the October 23, 2023 judgment of the trial court is reversed. Summary judgment is hereby granted in favor of the defendants, Riverlands Animal Hospital, Jennifer Crawford, Catherine Garon, and Robert Vennen, and against the plaintiff, Rod Russell, dismissing the plaintiff's claims with prejudice, at the plaintiff's cost.

**REVERSED; JUDGMENT RENDERED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>**JANUARY 31, 2024**</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**23-C-510**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
TANNER D. MAGEE (RESPONDENT)          HOWARD B. KAPLAN (RELATOR)

**MAILED**
ROBERT J. LANDRY (RESPONDENT)
ATTORNEY AT LAW
7837 MAIN STREET
HOUMA, LA 70360